## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### FLINT

| | |
|---|---|
| JASON A. WATKINS, ) | |
| ) | |
| Plaintiff ) | Case No. _____ |
| ) | |
| v. ) | Hon: _____ |
| ) | |
| NATIONAL ENTERPRISE SYSTEMS, INC ) | |
| ) | |
| Defendant. ) | |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Jason A. Watkins, by counsel, alleges as follows:

### I. INTRODUCTION

1.      This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S. C. § 1692, *et seq.* (hereinafter "FDCPA") and the State of Michigan Regulation of Collection Practices Act, 70 § 445.252 *et seq.* (hereinafter, "state RCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2.      Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

3.      Plaintiff, Jason A. Watkins, is a natural person residing in Flushing, County of Genesee, Michigan.

4. Defendant, National Enterprise Systems, Inc. (hereinafter "NES") is a foreign profit corporation engaged in the business of collecting debts in this state with its principal place of business located at 2479 Edison Blvd., Unit A, Twinsburg, Ohio, 44087-2340.

5. The principal purpose of Defendant, NES, is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant, NES, is engaged in the collection of debts from consumers using the mail and telephone.

7. Defendant, NES, is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692(a).

## IV. FACTUAL ALLEGATIONS

8. On or about May 11, 2010, Sallie Mae, Inc., through its counsel, filed a Summons and Complaint against Plaintiff, Jason A. Watkins. A copy is attached as Exhibit A.

9. On or about July 16, 2010, a Default Request, Affidavit, Entry, and Judgment (Sum Certain) was entered by the Lapeer County Circuit Court. A copy is attached as Exhibit B.

10. On information and belief, Sallie Mae, Inc. underwent corporate reorganization to spin off, among other things its education loan servicing business to form Navient Corp. On information and belief, Navient Solutions, Inc., is now a subsidiary of Navient Corp.

11. Plaintiff voluntarily began making payments against the judgment on or about October 14, 2014, through the attorney of record and in the amount agreed upon by the attorney of record.

12. Plaintiff has maintained that agreed upon monthly payment since October 2014.

13. On or about April 20, 2016, Defendant, NES, sent three letters to Plaintiff, Jason A. Watkins. Copies are attached as Exhibit C.

14.    On or about May 2, 2016, Plaintiff, Jason A. Watkins, through counsel, sent a dispute letter to Defendant, NES. A copy is attached as Exhibit D.

15.    On June 13, 2016, Defendant, NES, sent an email to Plaintiff, Jason A. Watkins', counsel in response to the dispute letter. A copy is attached as Exhibit E.

16.    As a result of the acts alleged above, Plaintiff, Jason A. Watkins, suffered embarrassment, stress, anxiety, and loss of sleep.

## V. COUNT I

### FDCPA VIOLATIONS BY DEFENDANT

17.    Plaintiff, Jason A. Watkins, realleges and incorporates by reference paragraphs 1-16 of this Complaint as if fully set forth herein.

18.    Defendant, NES, violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) The Defendant violated 15 U.S.C. § 1692e(2)(A) by false and misleading representation of the character, amount and legal status of the debt.

(b) The Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect on the debt by continuing to mislead the character, amount and legal status of the debt in subsequent communications.

(c) The Defendant violated 15 U.S.C. § 1692g(a)(4) by failing to state that the consumer can notify the debt collector in writing within thirty-day period that the debt or a portion of the debt is disputed and the debt collector will obtain verification of the debt.

(d)    The Defendant violated 15 U.S.C. § 1692b by failing to provide accurate validation of the debt after the Plaintiff, Jason A. Watkins had disputed the debt in writing.

19.     As a result of the above violations of the FDCPA, the Defendant is liable to Plaintiff, Jason A. Watkins, for declaratory judgment that Defendant's conduct violated the FDCPA, Plaintiff, Jason A. Watkins' actual damages, statutory damages, and costs and attorney fees.

## VI. COUNT II

### STATE RCPA VIOLATIONS BY DEFENDANT

20.     Plaintiff, Jason A. Watkins, realleges and incorporates by reference paragraphs 1-19 of this Complaint as fully set forth herein.

21.     Defendant violated the state RCPA, MCL § 445.252(e) by making an inaccurate, misleading, untrue and deceptive claim in a communication to collect a debt.

22.     As a result of the above violation of the state RCPA the Defendant is liable to Plaintiff, Jason A. Watkins, for injunctive and declaratory relief and for actual damages, statutory damages, and attorney fees and costs.

WHEREFORE, Plaintiff, Jason A. Watkins, respectfully prays that judgment be entered against the Defendant for the following:

A.      Declaratory judgment that Defendant's conduct violated the FDCPA, and declaratory and injunctive relief for the Defendant's violations of the state RCPA.

B.      Actual damages.

C.      Statutory damages pursuant to 15 U.S.C. § 1692k.

D.      Statutory damages pursuant to MCL § 445.257(1) and §445.257(2).

E.                 Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k and MCL § 445.257(2).

F.                 For such other and further relief as may be just and proper.

Respectfully submitted,

By:   /s/ Beverly G. Wheelihan
       Beverly G. Wheelihan (P69416)
       Attorney for Plaintiff
       The Law Office of Beverly G. Wheelihan, PLLC
       P.O. Box 5
       Capac, MI 48014
       (586) 216-4733

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Jason A. Watkins, demands trial by jury in this action.

Respectfully submitted,

By:   /s/ Beverly G. Wheelihan
       Beverly G. Wheelihan (P69416)
       Attorney for Plaintiff
       The Law Office of Beverly G. Wheelihan, PLLC
       P.O. Box 5
       Capac, MI 48014
       (586) 216-4733

Dated: October 31, 2016

**EXHIBIT A**

Approved, SCAO

| | Original - Court | 2nd copy - Plaintiff |
|---|---|---|
| | 1st copy - Defendant | 3rd copy - Return |

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| JUDICIAL DISTRICT | SUMMONS AND COMPLAINT | |
| 40th JUDICIAL CIRCUIT | | |
| COUNTY PROBATE | | 10 - 697862 CK(A) |

| Court address | Court telephone no. |
|---|---|
| 255 CLAY ST LAPEER MI 48446 | (810) 667-0358 |

| Plaintiff name(s), address(es) and telephone no(s). | | Defendant name(s), address(es), and telephone no(s). |
|---|---|---|
| SALLIEMAE | | JASON A. & JOHN F. WATKINS, |
| C/O Plaintiffs Attorney      File # R58957 | v | jointly & severally |
| Richard A. Muller          P58626 | | |
| | | 255 N ALMONT AVE |
| | | IMLAY CITY MI 48444 |

| Plaintiff attorney, bar no., address, and telephone no. |
|---|
| Muller Muller Richmond Harms & Myers |
| 33233 Woodward Ave |
| Birmingham  MI  48009 |
| 248/645-2440 |

**SUMMONS**   **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan, you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file an answer with the court** and serve a copy on the other party **or to take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). MCR 2.111(C)
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| 5-17-10 | 9/1/2010 | M Chung |

*This summons is invalid unless served on or before its expiration date.

This document must be sealed by the seal of the court.

**COMPLAINT**   *Instruction:  The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff.  Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending.  The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending.  The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| C/O Plaintiffs Attorney | IMLAY CITY MI 48444 |

| Place where action arose or business conducted |
|---|
| IMLAY CITY MI 48444 |

| May 11, 2010 | Signature of attorney/plaintiff   Richard A. Muller  P58626 |
|---|---|
| Date | |

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01  (3/08)  **SUMMONS AND COMPLAINT**          MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

| PROOF OF SERVICE | SUMMONS AND COMPLAINT |
|---|---|
| | Case No. |

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order of second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | **OR** | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2), and that:   (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that:   (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

Signature _____

Title _____

Subscribed and sworn to before me on _____ , _____ County, Michigan.
                                              Date

My commission expires: _____   Signature _____
                              Date                        Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                      Attachments

_____ on _____
                                                    Day, date, time

on behalf of _____

Signature _____

Approved, SCAO

| | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>40th    JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO. |

| Court address<br>255 CLAY ST LAPEER MI 48446 | | Court telephone no.<br>(810) 667-0358 |

| Plaintiff name(s), address(es) and telephone no(s).<br>SALLIEMAE<br>C/O Plaintiffs Attorney          File # R58957<br>Richard A. Muller          P58626 | v | Defendant name(s), address(es), and telephone no(s).<br>JASON A. & JOHN F. WATKINS,<br>jointly & severally<br><br>255 N ALMONT AVE<br>IMLAY CITY MI 48444 |

Plaintiff attorney, bar no., address, and telephone no.
Muller Muller Richmond Harms & Myers
33233 Woodward Ave
Birmingham  MI  48009
248/645-2440

**SUMMONS**    **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan, you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file an answer with the court** and serve a copy on the other party **or to take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).  MCR 2.111(C)
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |

*This summons is invalid unless served on or before its expiration date.

This document must be sealed by the seal of the court.

**COMPLAINT**    *Instruction:  The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff.  Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer  pending.  The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |

**General Civil Cases**

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer  pending.  The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |

**VENUE**

| Plaintiff's residence (include city, township, or village)<br>C/O Plaintiff's Attorney | Defendant(s) residence (include city, township, or village)<br>IMLAY CITY MI 48444 |

Place where action arose or business conducted
IMLAY CITY MI 48444

| May 11, 2010 | Signature of attorney/plaintiff    Richard A. Muller  P58626 |
| Date | |

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01  (3/08)  **SUMMONS AND COMPLAINT**          MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

| PROOF OF SERVICE | SUMMONS AND COMPLAINT |
|---|---|
| | Case No. |

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order of second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | **OR** | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2), and that:  (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that:  (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

| Service fee $ | Miles traveled | Mileage fee $ | Total fee $ | Signature |
|---|---|---|---|---|

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____ _____
Date                              Signature

Notary public, State of Michigan, County of _____

Deputy court clerk/Notary public

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____

Signature

## STATE OF MICHIGAN
### IN THE 40th JUDICIAL Circuit COURT

SALLIEMAE

     Plaintiff,

v.                        No: 10         CK

JASON A. &  JOHN F.  WATKINS,
jointly & severally

     Defendant.

_____

Richard A. Muller (P58626)
Attorney for Plaintiff
MULLER, MULLER, RICHMOND,
HARMS, & MYERS, P.C.
33233 Woodward Ave
Birmingham, MI  48009
248/645-2440

_____

### COMPLAINT

    NOW COMES Plaintiff, by and through its attorneys, Muller, Muller, Richmond, Harms, & Myers,  P.C., and for its Complaint  against the Defendant, states as follows:

    1.  That  prior  to March 5, 2010, Plaintiff provided student loan to Defendant on which there still remains due and owing a balance of $119,125.86, for which Defendant promised to pay.

    2.  That there is attached hereto and made a part hereof a true copy of Plaintiff's statement together with an affidavit verifying same.

    3.  That numerous demands have been made upon the Defendant for payment of the account, but they have refused to comply therewith.

    4.  That there is now due and owing by Defendant to Plaintiff the sum of $119,125.86, plus  $1,093.35 interest computed at the legal rate from March 5, 2010 to May 11, 2010 to date of Judgment.

WHEREFORE, Plaintiff demands Judgment against Defendant in the amount of $120,219.21, plus interest at the legal rate per annum from May 11, 2010 to date of Judgment, plus costs and attorneys fees.

MULLER, MULLER, RICHMOND, HARMS, & MYERS, P.C.

By_____
    Richard A. Muller (P58626)
    Attorney for Plaintiff
    33233 Woodward Ave
    Birmingham, MI 48009
    248/645-2440

Dated:  May 11, 2010

County of _HAMILTON_

State of _INDIANA_

      Before me this day personally appeared _MARY KAY MAUER_
duly sworn says that:

*1.  He is an individual trading as _____N/A_____
*2.  That ___he and ___N/A_____ are partners trading as
_____

*3.  That _She is the _LITIGATION ASSISTANT_ of _SALLIE MAE_
            (capacity)       (company)

_INC_____ a corporation incorporated under the laws of the State
of _DELOWARE_____

That the foregoing account in favor of _SALLIE MAE, INC_
                                      (Plaintiff)

and against _JASON A WATKINS_
                              (Defendant)

_255 N ALMONT AVE_

_IMLAY CITY, MI  48444_

showing a principal balance and amount due of $ _119,125.86_
is within his knowledge just, true and correct; that it is justly and truly due and unpaid; that all just and lawful
offsets, credits, discounts and payments have been allowed and the said amount is due after said allowance and
exclusive of all set-offs and just grounds of defense; that the goods in said accounts were sold and delivered
as therein charged and on said last named day said amount became due and payment thereof was demanded
and no part of same has been paid.

_____
Signature

Sworn to and subscribed before me
this _20_ day of _April_, 20_10_

_____
Notary Public
My commission expires:_____

*use paragraph covering

Name: Kimberly L. Peace
Notary #: 517357
Resident County: Hancock
Comm. Expires: 06/18/2010

```
CLASS-111-ACCT BALANCE, AMT DUE, SCHOOL DATA------------- LSC/F          04/20/10
>NXT SCR 111 SSN ___ __ ____ _ PG __ OWN ___ ST __ GU __ LN __ DT __ __ ____
SSN            ) 1  LOANS ALL     PROG ES    STATUS RPMT    GUAR 1G    OWNER 440400
NAME(FML) JASON       A  WATKINS        DOB 04 02 87   OWNER  SLM PRIV CRDT
ADDR 255 N ALMONT AVE                   H PH 810 724 2091  BRNCH ID 4401
CITY IMLAY CITY      ST MI     ZIP 48444 1004 W PH ___ ___ ____ DFR INT CD  E
ADDR IND  D     RELEASE INFO  Y LANG                        INT RATE      ******
VALID ADDR  Y   COS N COM Y    AMT OUT _____ 119,125.86   TOT DSB $   93,372.32
COBORR IND      NLMA PAYOFF  _ PRIN SUB            .00    PRIN PD            .00
SEP DATE 05/03/08  GRACE 06    PRIN NSUB       93,372.32   BR INT PD         .00
SCHOOL      002314   MCS       CAP INT         25,753.54   BR INT YTD        .00
SAGINAW VALLEY STATE UNIVERSIT ACC BORR INT    10,994.05   BR INT PYR        .00
CLHSE  Y *DELQ*                ANTICPD PIF DT ********     10-DAY PIF  161,769.93
                              LATE CHG AMT       217.98   OTHER CHGS   31,203.31
PRESENT AMT DUE  11,178.24 PMT DUE DT     04/25/10  LAST BR PMT RECVD        .00
FEES ACCRUED           Y   SCH PMT AMT      698.64  AMT OF LST BR PMT        .00
AMT DELINQUENT   10,479.60 1ST PMT DUE    01/25/09  SCHED TERM             ***
DAYS DELINQUENT       450   RPMT BEG DT    11/04/08  MAX PAYOFF DT      11/25/23
DELINQUENCY DT    01/25/09  COUP GEN DT    10/26/08  ACTUAL PAYOFF DT
CORRESPONDENCE ENTRY        CPP    CNSL IND          LETTER REQUEST  ____
   DATE   SOURCE                           MESSAGE
  042010  E18351 ____ _____ CONT _
I004 PREVIOUS SCREEN WAS NOT PROCESSED - NO DATA WAS ENTERED
PF5=BORR ACTV(112).PF6=BILL(121).PF7=COS/REF(116).PF9=ORG PMT DUE.PF10=LOAN DIR
```

## 2005-2006

### Tuition Answer℠ Loan Application

Correction fluid may not be used on the application.

## Borrower information

| WATKINS | JASON | A | | |
|---|---|---|---|---|
| Last name | First name | MI | Suffix (Jr., III) | Social Security number |

**255 N ALMONT AVENUE** _____ Apt ____
Permanent street address (PO boxes not accepted)

| IMLAY CITY | MI | 48444 | US |
|---|---|---|---|
| City | State | Zip Code | Country Code |

| 1 | 810 | 721-0261 | | 04  02  1987 | STUDENT |
|---|---|---|---|---|---|
| Country Prefix | Area Code | Telephone Number | Extension | Date of birth | Relationship to student |

Home telephone number

LUVTOLAUGH1983@YAHOO.COM
E-mail address

255 255 N ALMONT AVENUE _____ Apt ____
Current mailing address _The loan check will be mailed to this address._

| IMLAY CITY | MI | 48444 | US | 1 | 810 | 790-3383 | |
|---|---|---|---|---|---|---|---|
| City | State | Zip Code | Country Code | Country Prefix | Area Code | Telephone Number | Extension |

Mobile/cellular telephone number

SAGINAW VALLEY COLLEGE
Name of employer

| OTHER | 00  02 | 810  790 3383 | | $ 18,750 |
|---|---|---|---|---|
| Occupation | Years Months at present employer | Country Prefix  Area Code  Telephone Number | Extension | Gross annual salary (Documentation required, see page 2.) |

Work telephone number

How often paid? ☐ weekly  ☐ bi-weekly  ☐ twice monthly  ☒ monthly      $ 0      Source of additional income _____    Alimony, child support, or separate maintenance income need not be revealed if you do not wish to have it considered as a basis for repaying this loan.

Additional income

Monthly payment amount

$ 0 _____ $ _____
Rent  or  Mortgage    Name of mortgage holder

## Borrower citizenship information

☒ YES, I am a U.S. citizen  ☐ YES, I am an eligible permanent resident  ☐ NO, I am NOT a U.S. citizen or permanent resident  _(See page 1, Who is eligible for a Tuition Answer Loan?)_

## Student borrower information

| WATKINS | JASON | A | | |
|---|---|---|---|---|
| Last name | First name | MI | Suffix (Jr., III) | Social Security number |

**255 N ALMONT AVENUE** _____ Apt ____
Permanent street address (PO boxes not accepted)

| IMLAY CITY | MI | 48444 | US |
|---|---|---|---|
| City | State | Zip Code | Country Code |

| 1 | 810 | 721-0261 | | 04  02  1987 |
|---|---|---|---|---|
| Country Prefix | Area Code | Telephone Number | Extension | Date of birth |

Current telephone number

LUVTOLAUGH1983@YAHOO.COM
E-mail address

## Student citizenship information

☒ YES, I am a U.S. citizen  ☐ YES, I am an eligible permanent resident  ☐ NO, I am NOT a U.S. citizen or permanent resident  _(See page 1, Who is eligible for a Tuition Answer Loan?)_

## College information

| SAGINAW VALLEY STATE UNIVERSITY | UNIVERSITY CITY | MI |
|---|---|---|
| College name | College city | State |

For the academic period from 08  2005 to 05  2006    Anticipated graduation date 05  2010    Enrollment: ☐ Full time  ☐ Half time  ☐ Less than half time
Month Year    Month Year    Month Year

Grade level  ☒ Freshman  ☐ Sophomore  ☐ Junior  ☐ Senior  ☐ 5th Year and beyond    Graduate: ☐ 1st Year  ☐ 2nd Year  ☐ 3rd Year  ☐ Beyond 3rd Year

## Loan request information

$ 35,000.00    _Amount may be from $1,500 up to $40,000. The lender will add the supplemental fee to your requested amount. If any borrower changes the loan amount, all borrowers must initial this field._

| 08 | 01 | 2005 |
|---|---|---|
| Month | Day | Year |

Loan disbursement date requested

## Loan options

Repayment options check one    ☐ Pay principal and interest while in school  ☐ Pay only interest while in school  ☒ Defer principal and interest while in school
If you do not make a choice, you will pay only interest while in school.

SIDE ONE    Please turn page to complete application and sign  ➔➔➔

Mail to: Sallie Mae, Private Loan Processing, 50 Braintree Hill Park, Suite 300, Braintree, MA 02184

**Co-borrower information**    If no co-borrower, leave this section blank.

| | | | | |
|---|---|---|---|---|
| WATKINS | JOHN | | F | JR. |
| Last name | First name | | MI | Suffix (Jr., III)    Social Security number |

255 N ALMONT AVENUE
Permanent street address (PO boxes not accepted)                    Apt

| | | | |
|---|---|---|---|
| IMLAY CITY | MI | 48444 | US |
| City | State | Zip Code | Country Code |

| | | | | | | |
|---|---|---|---|---|---|---|
| 1 | 810 | 721-0261 | | 1 | 810 | 441-7975 | |
| Country Prefix  Area Code  Telephone Number    Extension | | | | Country Prefix  Area Code  Telephone Number    Extension | | |
| Home telephone number | | | | Mobile/cellular telephone number | | |

| | | |
|---|---|---|
| 08 | 27 | 1941 | RELATIVE |
| Date of birth | | Relationship to student |

LUVTOLAUGH1983@YAHOO.COM
E-mail address

RETIREDSELF EMPLOYED
Name of employer

| | | | | | |
|---|---|---|---|---|---|
| OWNER - SELF EMP | 12 | 11 | 1 | 810 | 441-7975 | |
| Occupation | Years  Months  at present  employer | | Country Prefix  Area Code  Telephone Number    Extension | | |

$ 36,000
Gross annual salary
(Documentation
required, see page 2.)

How often paid? ☐ weekly  ☐ bi-weekly  ☐ twice monthly  ☒ monthly    $ 0
Additional income

Source of
additional income

Alimony, child support, or separate
maintenance income need not be revealed
if you do not wish to have it considered
as a basis for repaying this loan.

Monthly payments

$ 0        $        NONE
Rent    or    Mortgage    Name of mortgage holder

**Co-borrower citizenship information**

☒ YES, I am a U.S. citizen  ☐ YES, I am an eligible permanent resident  ☐ NO, I am NOT a U.S. citizen or permanent resident  (See page 1, Who is eligible for a Tuition Answer Loan?)

**Reference information**    Reference cannot be the co-borrower or live with either the student or any co-borrower.

| | | | |
|---|---|---|---|
| GIDCUMB | KIRK | | D |
| Last name | First name | | MI    Suffix (Jr., III) |

| | | | |
|---|---|---|---|
| 98 DEER RUN | | | 1    810    245-1097 |
| Permanent street address | | Apt | Country Prefix  Area Code  Telephone Number    Extension |
| | | | Permanent telephone number |

| | | | |
|---|---|---|---|
| LAPEER | MI | 48446 | US |
| City | State | Zip Code | Country Code |

**Signatures**    All borrowers including student must sign below.

**CAUTION – IT IS IMPORTANT THAT YOU
THOROUGHLY READ THE CONTRACT
BEFORE YOU SIGN IT.**

**I, THE CO-BORROWER, HAVE READ THE
APPLICABLE COSIGNER NOTICE.**

**Notice to Customer**
(a) Do not sign this before you read the Promissory Note even if otherwise advised.
(b) Do not sign this if it contains any blank spaces.
(c) You are entitled to an exact copy of any agreement you sign.
(d) You have the right at any time to pay in advance the unpaid balance due under this agreement and you may be entitled to a partial refund of the finance charge.

I declare that the information provided above is true and complete to the best of my knowledge and belief. I have read the Promissory Note accompanying this application and the Notice to Cosigner(s). Promise to pay: Jointly and severally with the other signers below, I promise to pay the lender or any other holder of this loan all sums disbursed under the terms of the Promissory Note, plus interest and all other charges that may become due. The terms and conditions set forth in the Promissory Note constitute the entire agreement between us.

I understand that I am not required to fax my signature on this Application/Promissory Note to the Lender. If I choose to fax my signature on this Application/Promissory Note to the Lender, I intend: (i) my fax signature to be binding on me and to be an electronic signature under applicable federal and state law, (ii) the fax printout received by the Lender to be an original document, (iii) to conduct business with the Lender by electronic records and electronic signatures, and (iv) that this Application/Promissory Note will not be governed by Article 3 or Article 9 of the Uniform Commercial code. I, the Co-borrower, have read the applicable cosigner notice(s).

| | | |
|---|---|---|
| *Jerry A Watkins* | JASON A. WATKINS | 7-12-05 |
| Student borrower signature | Please print full name | Date |
| *John F Watkins Jr* | John F. Watkins, Jr. | 7/12/05 |
| Co-borrower signature | Please print full name | Date |

**Lender use only**

| | | |
|---|---|---|
| TA DMA | 002314 | 569169 |
| Source code | School code | Pre-approval code |

The First National Bank in Sioux Falls, Sioux Falls, SD    c/o Sallie Mae, 50 Braintree Hill Park, Braintree, MA 02184
Originating lender

SIDE TWO

©2005 Sallie Mae
v05.02.01
v.03.02.01

Tuition Answer Loan 2005-2006

# Promissory Note

In this Promissory Note ("Note") the words "I", "me", "my", "mine" and "we" mean the borrower, student borrower and co-borrower(s), unless the language specifically refers to only one or the other. "You", "your" and "yours" means the lender as listed on side two of the application and any subsequent holder of this Note.

## A. PROMISE TO PAY

I promise to pay to your order according to the terms below: the sum of the Loan Amount Requested to the extent it is advanced to me, or on my behalf, which includes the Supplemental Fee (together the "Loan Amount"); other interest, fees and charges accrued or Capitalized on the Loan Amount as described in this Note; and, in the event of Default, reasonable attorneys' fees, court costs and collection agency fees to the extent permitted by law.

## B. DEFINITIONS

1. Interim Period - The "Interim Period" will begin on the Disbursement Date. The Interim Period will end 4 1/2 years after the Disbursement Date or 6 months after the student graduates or drops below half time enrollment at an eligible school, whichever is earlier.
2. Repayment Period - The "Repayment Period" will begin on the day after the Interim Period ends, or earlier if elected (see Section D. Terms of Repayment) and will continue until the loan is paid in full.
3. Capitalized Interest and Other Amounts - From time to time, interest, fees or charges due and not yet paid may be added, without notice, to the principal amount of the loan. This addition is called "capitalizing" and such amounts are considered to be "Capitalized." Since interest accrues on the outstanding principal balance, capitalizing increases the total cost of the loan.
4. Default - You may declare my loan in default following an event described in Section J. Whole Loan Due except as follows:
 - IDAHO, IOWA, KANSAS, MAINE and SOUTH CAROLINA RESIDENTS ONLY: I will be in default if I fail to make a payment as required by this Note (or within 10 days of the time required by this Note, for Iowa residents), or if the prospect of my payment or performance is significantly impaired. The burden of establishing the prospect of significant impairment is on you.
 - WISCONSIN RESIDENTS ONLY: I will be in default (a) if I permit to be outstanding an amount exceeding one full payment which has remained unpaid for more than 10 days after its scheduled due date or deferred due date, or I fail to pay the first payment or the last payment within 40 days of its scheduled due date or deferred due date, or (b) if I fail to observe any other provision of this Note, the breach of which materially impairs my ability to pay the amounts due under the Note.
5. Disbursement Date - The date shown on the Loan check.
6. Disclosure Statement - The Truth in Lending Disclosure Statement that will be sent at the time of Disbursement and which is hereby incorporated into this Note.
7. The terms "Interest", "Monthly Variable interest rate", "Prime Rate", "Late Charges", "Supplemental Fee", "Payment Return Fee" and "Collection Costs" are defined in the Note and sub-sections so titled.

## C. INTEREST

1. Accrual of Interest - Interest will accrue on the unpaid balance of the Loan from the Disbursement Date until payment in full at the Monthly Variable interest rate described in paragraph 2. The interest rate will not exceed the maximum allowed by law.

2. Monthly Variable interest rate - I will pay interest at a rate equal to the Prime Rate plus or minus the percentage (the "margin") in effect at disbursement of my loan, rounded to the nearest one-fourth of one percent (0.25%). The margin is based on the borrower's credit history. The Monthly Variable interest rate will be reset monthly the next to the last New York business day of the prior month. Any change to my interest rate will take effect on the first of the month. A New York business day is defined as any day that is not a Saturday, Sunday, holiday or other day on which banking institutions in New York are authorized or ordered to close by law or executive order.
3. "Prime Rate" - Prime Rate means the highest U.S. Prime Rate as published in *The Wall Street Journal* (Eastern Edition) under the "Interest Rates & Bonds" section, "Consumer Rates" table or any successor section or table for the purposes of displaying such rate on the reset date. If *The Wall Street Journal* is not published or the U.S. Prime Rate is not stated, then the Prime Rate will be determined by using the immediately preceding published U.S. Prime Rate. If the U.S. Prime Rate ceases to be available, you will choose a comparable substitute.
4. Interest after Default - I will pay interest after Default at a rate equal to the regular interest rate for this loan plus 2%.

## D. TERMS OF REPAYMENT

1. Payment due date - My loan payments are due on the date specified by you. All payments must be made in U.S. dollars at the address specified by you.
2. Repayment election: pay principal and interest while in school - If I elected to pay principal and interest while the student is in school, I agree to repay this loan in consecutive monthly payments of principal and interest beginning within 45 days from the Disbursement Date.
3. Repayment election: pay only interest while in school - If I elected to pay only interest while the student is in school or I did not make a payment, I will pay only interest on my loan during my Interim Period. I must begin to pay principal and interest in consecutive monthly installments at the beginning of my Repayment Period.
4. Repayment election: defer principal and interest while in school - If I elected to defer principal and interest payments while the student is in school, I agree to repay this loan in consecutive monthly installments of principal and interest starting at the beginning of my Repayment Period. Interest that accrues on my loan during the Interim Period is Capitalized at the start of repayment.
5. Initial principal repayment period - I agree to repay my loan within the initial principal repayment period which begins on the date on which principal payments begin and is based on the principal amount outstanding at that time as follows:

Principal amount/Initial principal repayment period
Up to $2,999/up to 4 years (see Section D.7)
$3,000 to $3,999/6 years
$4,000 to $7,499/10 years
$7,500 to $9,999/15 years
$10,000 and above/20 years

6. Maximum repayment period and amount - If the interest rate changes, my monthly payment amount will stay the same, but I will be required to make more or fewer payments than would otherwise be required. If the interest rate increases so that my monthly payment is not enough to pay my principal and interest within 20 years or within twice the initial principal repayment period, whichever is less, you will increase my monthly payment to an amount that will do so.
7. General - I may increase my monthly payment amount at any

time. My combined monthly payment for all my Tuition Answer Loans will never be less than $50, unless the balance due is less than $50. Loan payments will be applied first to Late Charges, Payment Return Fees and Collection Costs, next to accrued interest, and then to principal (including Capitalized Interest).

8. Graduated Repayment Option - I may choose a graduated repayment option, if available. If I convert to this option, I will notify you in writing.

9. If I wish to make a payment in satisfaction of a disputed amount or balance, I must send it to P.O. Box 3800, Wilkes-Barre, PA 18773-3800 with a letter of explanation. To the extent permitted by law, you may accept late payments, partial payments, or payments marked "payment in full" or having similar language, without waiving your rights under this Note.

### E. LATE CHARGES

If my payment (or any part of my payment) is more than 15 days late, I will pay a late charge of either $15 or 5% of the amount that is late, whichever is less, to the extent permitted by applicable law.

### F. SUPPLEMENTAL FEE

1. Fee at Disbursement – You may charge me an amount equal to the Supplemental Fee in effect at disbursement of my loan. This fee will be identified on my Disclosure Statement as the Supplemental Fee paid or Prepaid Finance Charge. The fee is based on the borrower(s)'s credit history and the repayment election selected. The fee will be Capitalized at disbursement.

2. I understand and agree that the Supplemental Fee is earned when assessed and is not subject to rebate if I prepay my loan.

### G. CHARGES FOR OPTIONAL SERVICES

If I request and you agree to provide optional services to me in connection with my loan, you may charge me and I agree to pay the fees for such services. The fee will be disclosed to me before I accept any such service. Optional services may include, but are not limited to: (a) allowing me to make an expedited payment on my loan; and (b) sending documents to me by express delivery or facsimile transmission.

### H. PAYMENT RETURN FEE

If I make a payment and that payment is returned or refused by my bank for any reason, I agree to pay a charge of up to $20.00 for each payment so returned. Such Payment Return Fee may be Capitalized at your option.

### I. RIGHT TO PREPAY

I have the right to prepay all or any part of my loan at any time without penalty.

### J. WHOLE LOAN DUE

Subject to Section B.4, you have the right to give me notice that the whole outstanding principal balance, accrued interest, and all other amounts payable to you under the terms of this Note are due and payable at once and to cease to make any further disbursements to me, if:

1. I fail to make any payment to you when due; or
2. I fail to provide a notice required in Section L.1 on time; or
3. I break any of my other promises in this Note; or
4. Any bankruptcy proceeding is begun by or against me and not dismissed within 60 days, or I assign any of my assets to or for the benefit of my creditors; or
5. I make any false written statement in applying for this loan or at any time during the Interim Period or Repayment Period; or
6. I die or any co-borrower dies; or

7. I am in Default on any loans I may already have with you, or on any loans I may have with you in the future.

My failure to receive a statement does not relieve me of my obligation to make my required loan payments in accordance with the terms and conditions of this Note. If any of the listed events occur, I will be required to pay interest on this loan accruing afterwards at a rate equal to the regular interest rate applicable to this loan prior to such event plus 2%. The interest rate will be subject to adjustment in the same manner as before.

### K. COLLECTION COSTS

If I am in Default, I agree to pay you reasonable amounts permitted by law, including collection agency fees, outside attorneys' fees and court costs, which you incur in enforcing the terms of this Note. Any such amounts include fees and costs incurred in connection with any appellate or bankruptcy proceedings.

### L. NOTICES

1. I will send written notice to you, or any subsequent holder of this Note, within 10 days after any change in my name, address, telephone number or School enrollment status.

2. Any notice required to be given to me by you will be effective when mailed to the latest address you have for me.

3. You may report information about my account to credit bureaus. Late payments, missed payments, or other defaults on my account may be reflected in my credit-bureau report.

4. I understand that the following notice is required by federal law. (For purposes of this notice, the words "you" and "yours" mean the co-borrower(s).)

NOTICE TO CO-BORROWER:

YOU ARE BEING ASKED TO GUARANTEE THIS DEBT. THINK CAREFULLY BEFORE YOU DO. IF THE BORROWER DOESN'T PAY THE DEBT, YOU WILL HAVE TO. BE SURE YOU CAN AFFORD TO PAY IF YOU HAVE TO, AND THAT YOU WANT TO ACCEPT THIS RESPONSIBILITY.

YOU MAY HAVE TO PAY UP TO THE FULL AMOUNT OF THE DEBT IF THE BORROWER DOES NOT PAY. YOU MAY ALSO HAVE TO PAY LATE FEES OR COLLECTION COSTS, WHICH INCREASE THIS AMOUNT.

THE LENDER CAN COLLECT THIS DEBT FROM YOU WITHOUT FIRST TRYING TO COLLECT FROM THE BORROWER. THE LENDER CAN USE THE SAME COLLECTION METHODS AGAINST YOU THAT CAN BE USED AGAINST THE BORROWER, SUCH AS SUING YOU, GARNISHING YOUR WAGES, ETC. IF THIS DEBT IS EVER IN DEFAULT, THAT FACT MAY BECOME A PART OF YOUR CREDIT RECORD. THIS NOTICE IS NOT THE CONTRACT THAT MAKES YOU LIABLE FOR THE DEBT.

5. State-specific notices: I understand that the following notices are required by or are necessary under state law and that these notices may not describe all of the rights that I have under state or federal law.

– CALIFORNIA RESIDENTS ONLY: A married applicant may apply for a separate account. If you take any adverse action as defined by § 1785.3 of the California Civil Code and the adverse action is based, in whole or in part, on any information contained in a consumer credit report, I have the right to obtain within 60 days a free copy of my consumer credit report from the consumer reporting agency who furnished you my consumer credit report and from any other consumer credit reporting agency which compiles and maintains files on consumers on a nationwide basis.

– CALIFORNIA and UTAH RESIDENTS ONLY: As required by California and Utah law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit

Tuition Answer Loan 2005-2006

obligations.
– IOWA and KANSAS RESIDENTS ONLY: (For purposes of the following notice to Iowa and Kansas residents, "you" means the borrower, student and co-borrower, not the lender.) NOTICE TO CONSUMER 1. Do not sign this paper before you read it. 2. You are entitled to a copy of this paper. 3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with law.
– MARYLAND RESIDENTS ONLY: You elect to make this loan pursuant to Subtitle 10 (Credit Grantor Closed End Credit provisions) of Title 12 of the Maryland Commercial Law Article only to the extent that such provisions are not inconsistent with your authority under federal law (12 U.S.C. § 85, 1463(g), or 1831d, as appropriate) and related regulations and interpretations, which authority you expressly reserve.
– MASSACHUSETTS RESIDENTS ONLY: Massachusetts law prohibits discrimination based upon marital status or sexual orientation.
– MISSOURI RESIDENTS ONLY: ORAL AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR FORBEAR FROM ENFORCING REPAYMENT OF DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCEABLE. TO PROTECT YOU (BORROWER(s)) AND US (CREDITOR) FROM MISUNDERSTANDING OR DISAPPOINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT.
– NEVADA RESIDENTS ONLY: This is a loan for study.
– NEW JERSEY RESIDENTS ONLY: The section headings of the Note are a table of contents and not contract terms. Portions of this Note with references to actions taken to the extent of applicable law apply to acts or practices that New Jersey law permits or requires. In this Note, acts or practices (i) by you which are or may be permitted by "applicable law" are permitted by New Jersey law, and (ii) that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law.
– NEW YORK, RHODE ISLAND and VERMONT RESIDENTS ONLY: I understand and agree that you may obtain a consumer credit report in connection with this application and in connection with any updates, renewals or extensions of any credit as a result of this application. If I ask, I will be informed whether or not such a report was obtained and, if so, the name and address of the agency that furnished the report. I also understand and agree that you may obtain a consumer credit report in connection with the review or collection of any loan made to me as a result of this application or for other legitimate purposes related to such loans.
– OHIO RESIDENTS ONLY: The Ohio laws against discrimination require that all creditors make credit equally available to all creditworthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law.
– VERMONT RESIDENTS ONLY: (For the purpose of the following notice to Vermont residents, "your" and "you" means any co-borrower, not the lender.) NOTICE TO COSIGNER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.

– WISCONSIN RESIDENTS ONLY: For married Wisconsin residents, my signature confirms that this loan obligation is being incurred in the interest of my marriage or family. No provision of any marital property agreement, unilateral statement under § 766.59 of the Wisconsin Statutes or court decree under § 766.70 adversely affects your interest unless, prior to the time that the loan is approved, you are furnished with a copy of the marital property agreement, statement, or decree or have actual knowledge of the adverse provision. My spouse has actual knowledge that this credit is being extended to me and has waived the requirements of Wisconsin Statute § 766.53(3)(b), as acknowledged by his or her signature on the Notice to Married Wisconsin Residents.

**M. ADDITIONAL AGREEMENTS**
1. I understand that when you accept the attached signed application, you are not agreeing to lend me money and that there will be no such agreement until the time the disbursement of the loan is made. You have the right to lend an amount less than the Loan Amount Requested or to accept or reject my application. You also have the right to cancel any undisbursed amount if (a) the student ceases to be enrolled at the School or (b) any co-borrower notifies you that he or she no longer wants to repay the amount not yet disbursed, or (c) an event occurs as described in Section J. or (d) the School ceases to be eligible in the Tuition Answer Loan program.
2. If this Note is assigned, the assignee will become the owner of this Note and will have all your rights to enforce this Note against me.
3. I understand that you are located in the State of South Dakota and this Note will be entered into in the same State. Consequently, the provisions of this Note will be governed by federal laws and the laws of that State, without regard to conflict of laws rules.
4. Upon receipt of the Disclosure Statement, I will review it and if I am not satisfied with the terms of my loan as approved, I may cancel this Note and all disbursements. To cancel this Note, I will contact you within 3 days of receipt by me of the loan check and I will not cash the loan check.
5. By accepting past due payments you do not waive or affect any right to accelerate this Note. I waive any notice of dishonor, notice of protest, presentment, demand for payment, and all other notices or demands in connection with this Note and consent to the addition of a party who will be liable upon this loan or any other loans I have outstanding under the program, to any and all extensions, renewals, or releases of any party liable upon this loan or any other loans I have outstanding under the program and to any waiver or modification that may be granted by you, all without affecting or releasing any borrower or co-borrower from such loans. My responsibility for repaying this loan is not affected by the liability of any other person to you or by your failure to notify me that a payment has not been made.
6. If any provision of this Note is held invalid or unenforceable, that provision shall be considered omitted from this Note without affecting the validity or enforceability of the remainder of this Note.
7. This Note may be modified only if you put the modification in writing and the modification is agreed to by any borrower or co-borrower. Any such modification does not require the consent of any other borrower or co-borrower and will not affect the validity or enforceability of the remainder of this Note.
8. I acknowledge that I have received a true and exact copy of this Note.

9. I may not assign this Note or any of its benefits or obligations. You may assign this Note at any time. The obligations of this Note will be binding on my estate.

10. Your failure to exercise any right hereunder does not constitute a waiver thereof. All waivers must be in writing.

11. I hereby waive all my defenses to this Note based on suretyship.

12. I understand that you may use automated telephone dialing equipment or an artificial or pre-recorded voice message to contact me in connection with this loan or loan application. You may contact me at any telephone number I provide in the application or I provide in the future, even if that number is a cellular telephone number.

13. If I fax my signature(s) on side two of the application back to you and keep the copy I signed, I understand that under federal law the fax you receive will be an original of side two of the application and I will refax that page upon request by you. I may not amend the application/promissory note by making changes to the signature page which is faxed to you. If I fax the signature page and you approve the application, then there will be two originals of the agreement: the lender's copy and the borrower's copy.

## N. CERTIFICATION AND CONSENT TO INFORMATION SHARING

1. I certify that the information contained in the application is true, complete and correct to the best of my knowledge and belief and is made in good faith, that I am eligible for this loan and that I will repay it according to the terms of this Note. I understand and agree that my lender will be as listed on the attached application.

2. I certify that all of the loan proceeds are to pay expenses directly related to attending the School. I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting the student's educational expenses related to attendance at the School. I understand that failure to complete the educational program undertaken by the student does not relieve me of any obligation of this Note.

3. I authorize any school that the student may attend to release to you or your agents any requested information pertinent to this loan (e.g., employment, enrollment status, current address) and to release to you whether I am eligible for a future loan. I authorize you or your agents to check my credit and employment history for this loan and for future loans that may be offered to me, to answer questions about their credit experience with me, and to release the results of the credit review process to the School. I further authorize you to release any other information on this loan to the School or to other schools the student has attended for which I have taken out a student loan.

4. I consent to the sharing of any information about this loan with my parent, guardian, child, spouse or sibling who complies with your procedures unless I revoke this consent or unless prohibited by law. I understand that I may revoke this consent by contacting the servicer at 1-888-2SALLIE or P.O. Box 9500, Wilkes-Barre, PA 18773-9500.

5. I also certify that: I have read the materials explaining the loan program that have been provided to me; I have read, understand and agree to the provisions of the program, my responsibilities and my rights under this program, the terms of this Note and this "Certification and Consent to Information Sharing."

## O. CORRECTION OF ERRORS

All parties to this Note agree to cooperate fully and adjust all typographical, computer, calculation or clerical errors discovered in any or all of the loan documents including the application, Note and Disclosure Statement. In the event this procedure is used, all parties involved will be notified and receive a corrected copy of the changed document.

## P. CO-BORROWER/STUDENT RELEASE

I agree that, if any co-borrower applicant fails to qualify for this loan, that said co-borrower applicant will be released from liability hereunder, but this Note will still bind the borrower and any remaining co-borrower. As co-borrower, I agree that if the student borrower is released from liability on this loan for any reason, including infancy, I hereby consent to such release and to my continued liability for this loan after such release.

## IMPORTANT INFORMATION ABOUT PROCEDURES FOR OPENING A NEW ACCOUNT

Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account.

What this means for me: When I apply for a student loan, you will ask for my name, address, date of birth, and other information that will allow you to identify me. You may also ask to see my driver's license or other identifying documents.

```
9:13:38  Friday, March 05, 2010

  CLASS-111-ACCT BALANCE, AMT DUE, SCHOOL DATA------------- LSC/F          03/05/10
>NXT SCR 111 SSN ___ __ ___ _ PG __ OWN _____ ST ____ GU __ LN __ DT __ __ __
 SSN                 LOANS 01       PROG ES    STATUS RPMT    GUAR 1G   OWNER 440400
 NAME (FML, OLDER)          A WATKINS        DOB 04 02 87  OWNER  SLM PRIV CRDT
 ADDR 255 N ALMONT AVE                       H PH 810 724 2091 BRNCH ID 4401
 CITY IMLAY CITY         ST MI      ZIP 48444 1004 W PH ___ ___ ____ DFR INT CD  E
 ADDR IND  D      RELEASE INFO  Y LANG                      INT RATE       05.750
 VALID ADDR  Y    COS N COM Y     AMT OUT      50,877.50  TOT DSB $     38,251.37
 COBORR IND      NLMA PAYOFF  _   PRIN SUB          .00   PRIN PD             .00
 SEP DATE  05/03/08  GRACE 06     PRIN NSUB    38,251.37  BR INT PD          .00
 SCHOOL   002314    MCS           CAP INT      12,626.13  BR INT YTD         .00
 SAGINAW VALLEY STATE UNIVERSIT   ACC BORR INT  3,482.37  BR INT PYR         .00
 CLHSE  Y *DELQ*                  ANTICPD PIF DT 02/25/29 10-DAY PIF    67,733.59
                                  LATE CHG AMT      76.10 OTHER CHGS    13,217.53
 PRESENT AMT DUE    3,667.05 PMT DUE DT    03/25/10 LAST BR PMT RECVD        .00
 FEES ACCRUED          Y     SCH PMT AMT     244.47 AMT OF LST BR PMT        .00
 AMT DELINQUENT     3,422.58 1ST PMT DUE   01/25/09 SCHED TERM               241
 DAYS DELINQUENT      404    RPMT BEG DT   11/04/08 MAX PAYOFF DT       11/25/23
 DELINQUENCY DT   01/25/09 COUP GEN DT     10/26/08 ACTUAL PAYOFF DT
 CORRESPONDENCE ENTRY       CPP     CNSL IND              LETTER REQUEST ____
   DATE    SOURCE                         MESSAGE
  030510  E18351 ____ _____ CONT _
 I001 PREVIOUS SCREEN PROCESSED SUCCESSFULLY
 PF5=BORR ACTV(112).PF6=BILL(121).PF7=COS/REF(116).PF9=ORG PMT DUE.PF10=LOAN DIR
```

Amortization

NAME: Jason Watkins

loan 1

BEG BAL. PRIN: $38,251.37
BEG BAL INT: $0.00
INT RATE: 8.500%

| EFFECTIVE DATE | # DAYS | INT RATE | DAILY ACCRD INT | ACCRD INT | PAYMENT AMOUNT | PRINCIPAL PAID | INTEREST PAID | UNPAID INTEREST | CAPITALIZED INTEREST | DECLINING PRINCIPAL BALANCE | NOTES |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 7/25/2005 | 7 | 8.500% | 8.902 | $62.31 | - | $0.00 | $0.00 | $0.00 | $0.00 | $38,251.37 | Repayment begin |
| 8/1/2006 | 0 | 8.750% | 9.164 | $62.31 | - | $0.00 | $0.00 | $62.31 | $0.00 | $38,251.37 | |
| 8/1/2006 | 0 | 8.750% | 9.164 | $346.38 | - | $0.00 | $0.00 | $62.31 | $0.00 | $38,251.37 | |
| 9/1/2005 | 30 | 8.750% | 9.164 | $346.38 | - | $0.00 | $0.00 | $346.38 | $0.00 | $38,251.37 | |
| 9/1/2005 | 0 | 9.000% | 9.425 | $346.38 | - | $0.00 | $0.00 | $346.38 | $0.00 | $38,251.37 | |
| 10/1/2005 | 30 | 9.000% | 9.425 | $629.14 | - | $0.00 | $0.00 | $629.14 | $0.00 | $38,251.37 | |
| 10/1/2005 | 0 | 9.250% | 9.687 | $629.14 | - | $0.00 | $0.00 | $629.14 | $0.00 | $38,251.37 | |
| 10/1/2005 | 0 | 9.250% | 9.687 | $1,220.06 | - | $0.00 | $0.00 | $629.14 | $0.00 | $38,251.37 | |
| 12/1/2005 | 61 | 9.250% | 9.687 | $1,220.06 | - | $0.00 | $0.00 | $1,220.06 | $0.00 | $38,251.37 | |
| 12/1/2005 | 0 | 9.500% | 9.949 | $1,220.06 | - | $0.00 | $0.00 | $1,220.06 | $0.00 | $38,251.37 | |
| 1/1/2006 | 31 | 9.500% | 9.949 | $1,528.48 | - | $0.00 | $0.00 | $1,528.48 | $0.00 | $38,251.37 | |
| 1/1/2006 | 0 | 9.500% | 9.949 | $1,528.48 | - | $0.00 | $0.00 | $1,528.48 | $0.00 | $38,251.37 | |
| 1/1/2006 | 0 | 9.750% | 10.211 | $1,528.48 | - | $0.00 | $0.00 | $1,528.48 | $0.00 | $38,251.37 | |
| 2/1/2006 | 59 | 9.750% | 10.211 | $2,130.92 | - | $0.00 | $0.00 | $2,130.92 | $0.00 | $38,251.37 | |
| 3/1/2006 | 0 | 10.000% | 10.473 | $2,130.92 | - | $0.00 | $0.00 | $2,130.92 | $0.00 | $38,251.37 | |
| 4/1/2006 | 31 | 10.000% | 10.473 | $2,455.59 | - | $0.00 | $0.00 | $2,455.59 | $0.00 | $38,251.37 | |
| 4/1/2006 | 0 | 10.250% | 10.734 | $2,455.59 | - | $0.00 | $0.00 | $2,455.59 | $0.00 | $38,251.37 | |
| 6/1/2006 | 61 | 10.250% | 10.734 | $3,110.38 | - | $0.00 | $0.00 | $3,110.38 | $0.00 | $38,251.37 | |
| 6/1/2006 | 0 | 10.500% | 10.996 | $3,110.38 | - | $0.00 | $0.00 | $3,110.38 | $0.00 | $38,251.37 | |
| 8/1/2006 | 61 | 10.500% | 10.996 | $3,781.15 | - | $0.00 | $0.00 | $3,781.15 | $0.00 | $38,251.37 | |
| 8/1/2006 | 0 | 10.750% | 11.258 | $3,781.15 | - | $0.00 | $0.00 | $3,781.15 | $0.00 | $38,251.37 | |
| 8/1/2006 | 31 | 10.750% | 11.258 | $3,556.55 | - | $0.00 | $0.00 | $3,556.55 | $0.00 | $38,251.37 | |
| 12/1/2007 | 0 | 10.750% | 11.258 | $3,556.55 | - | $0.00 | $0.00 | $3,556.55 | $0.00 | $38,251.37 | |
| 12/1/2007 | 426 | 11.250% | 11.258 | $8,577.10 | - | $0.00 | $0.00 | $8,577.10 | $0.00 | $38,251.37 | |
| 10/1/2007 | 0 | 11.250% | 10.734 | $8,577.10 | - | $0.00 | $0.00 | $8,577.10 | $0.00 | $38,251.37 | |
| 10/1/2007 | 61 | 10.750% | 10.734 | $8,873.09 | - | $0.00 | $0.00 | $8,873.09 | $0.00 | $38,251.37 | |
| 10/1/2007 | 0 | 10.750% | 10.473 | $8,873.09 | - | $0.00 | $0.00 | $8,873.09 | $0.00 | $38,251.37 | |
| 2/1/2008 | 31 | 10.250% | 10.473 | $9,231.91 | - | $0.00 | $0.00 | $9,231.91 | $0.00 | $38,251.37 | |
| 2/1/2008 | 0 | 10.250% | 10.211 | $9,231.91 | - | $0.00 | $0.00 | $9,231.91 | $0.00 | $38,251.37 | |
| 1/1/2008 | 31 | 10.000% | 10.211 | $9,556.55 | - | $0.00 | $0.00 | $9,556.55 | $0.00 | $38,251.37 | |
| 1/1/2008 | 0 | 10.000% | 9.949 | $9,556.55 | - | $0.00 | $0.00 | $9,556.55 | $0.00 | $38,251.37 | |
| 1/1/2008 | 31 | 9.750% | 9.687 | $9,873.09 | - | $0.00 | $0.00 | $9,873.09 | $0.00 | $38,251.37 | |
| 2/1/2008 | 0 | 9.750% | 9.425 | $9,873.09 | - | $0.00 | $0.00 | $9,873.09 | $0.00 | $38,251.37 | |
| 3/1/2008 | 29 | 9.000% | 9.425 | $10,146.43 | - | $0.00 | $0.00 | $10,146.43 | $0.00 | $38,251.37 | |
| 3/1/2008 | 0 | 9.000% | 8.902 | $10,146.43 | - | $0.00 | $0.00 | $10,146.43 | $0.00 | $38,251.37 | |
| 4/1/2008 | 31 | 8.500% | 8.902 | $10,417.48 | - | $0.00 | $0.00 | $10,417.48 | $0.00 | $38,251.37 | |
| 4/1/2008 | 0 | 8.250% | 8.116 | $10,417.48 | - | $0.00 | $0.00 | $10,417.48 | $0.00 | $38,251.37 | |
| 4/1/2008 | 61 | 7.750% | 8.116 | $10,422.39 | - | $0.00 | $0.00 | $10,422.39 | $0.00 | $38,251.37 | |
| 6/1/2008 | 0 | 7.750% | 7.854 | $10,422.39 | - | $0.00 | $0.00 | $10,422.39 | $0.00 | $38,251.37 | |
| 6/1/2008 | 61 | 7.750% | 7.854 | $12,119.22 | - | $0.00 | $0.00 | $12,119.22 | $0.00 | $38,251.37 | |
| 11/1/2008 | 153 | 7.500% | 7.854 | $12,119.22 | - | $0.00 | $0.00 | $12,119.22 | $0.00 | $38,251.37 | |
| 11/1/2008 | 0 | 7.500% | 7.331 | $12,141.21 | - | $0.00 | $0.00 | $12,141.21 | $0.00 | $38,251.37 | |
| 11/1/2008 | 0 | 7.500% | 7.331 | $12,141.21 | - | $0.00 | $0.00 | $12,141.21 | $12,141.21 | $38,251.37 | |
| 11/4/2008 | 3 | 7.000% | 7.331 | $260.76 | - | $0.00 | $0.00 | $260.76 | $0.00 | $50,392.58 | |
| 12/1/2008 | 27 | 7.000% | 9.658 | $260.76 | - | $0.00 | $0.00 | $260.76 | $0.00 | $50,392.58 | |
| 12/1/2008 | 0 | 7.000% | 8.968 | $484.96 | - | $0.00 | $0.00 | $484.96 | $0.00 | $50,392.58 | |
| 12/25/2008 | 25 | 6.500% | 8.968 | $484.96 | - | $0.00 | $0.00 | $484.96 | $484.96 | $50,392.58 | cap |
| 1/1/2009 | 0 | 6.500% | 9.054 | $54.33 | - | $0.00 | $0.00 | $54.33 | $0.00 | $50,877.54 | |
| 1/1/2009 | 6 | 6.500% | 9.054 | $54.33 | - | $0.00 | $0.00 | $54.33 | $0.00 | $50,877.54 | |
| 1/1/2009 | 6 | 5.750% | 8.009 | $54.33 | - | $0.00 | $0.00 | $54.33 | $0.00 | $50,877.54 | |
| 8/31/2009 | 242 | 5.750% | 8.009 | $1,992.62 | - | $0.00 | $0.00 | $1,992.62 | $0.00 | $50,877.54 | cap |
| 3/5/2010 | 166 | 5.750% | 8.009 | $3,482.38 | - | $0.00 | $0.00 | $3,482.38 | $0.00 | $50,877.54 | charge off |

# Tuition Answer® Loan Application

**2006-2007**

Correction fluid may not be used on the application.

## Borrower Information

| | | | |
|---|---|---|---|
| WATKINS | JASON | A | Social Security number |
| Last name | First name | MI   Suffix (Jr., III) | |

255 N ALMONT AVENUE                                                                 Apt    **19**
Permanent street address (If your permanent street address is a P.O. Box, you must complete the physical street address section below.)    Years at address

| | | | | | |
|---|---|---|---|---|---|
| IMLAY CITY | MI | 48444 | US | 04  02  1987 | STUDENT |
| City | State | Zip Code | Country Code | Date of birth | Relationship to student |

Physical street address (if different from permanent address)                  US                               Apt
City                State    Zip Code   Country Code

| | | | | | |
|---|---|---|---|---|---|
| 1 | 810 | 724-2091 | | | |
| Country Prefix | Area Code | Telephone Number | Extension | | |
| Permanent telephone number | | | | | |
| | | | 1 | 810 | 790-3383 |
| | | | Country Prefix | Area Code | Telephone Number   Extension |
| | | | Mobile/cellular telephone number | | |

JAWATKIN@SVSU.EDU
E-mail address

LAPEER COUNTY PARKS
Name of employer

| | | | |
|---|---|---|---|
| EMPLOYED | 00  01 | 1   810   796-2380 | $ 19,500 |
| Occupation | Years  Months   at present   employer | Country Prefix  Area Code  Telephone Number   Extension   Work telephone number | Gross annual salary (Documentation required, see page 1.) |

How often paid?  ☐ weekly   ☐ bi-weekly   ☒ twice monthly   ☐ monthly      $ 0
                                                                    Additional income    Source of additional income

*Alimony, child support, or separate maintenance income need not be revealed if you do not wish to have it considered as a basis for repaying this loan.*

Monthly payment amount

$ 0          $
Rent   or   Mortgage      Name of mortgage holder

## Borrower citizenship information

☒ YES, I am a U.S. citizen   ☐ NO, I am not a U.S. citizen but I am an eligible permanent resident   ☐ NO, I am NOT a U.S. citizen or permanent resident   *(See page 1, Who is eligible for Tuition Answer?)*

## Student borrower information

| | | | |
|---|---|---|---|
| WATKINS | JASON | A | |
| Last name | First name | MI   Suffix (Jr., III) | |

255 N ALMONT AVENUE                                                                 Apt    **19**
Permanent street address (If your permanent street address is a P.O. Box, you must complete the physical street address section below.)    Years at address

| | | | | |
|---|---|---|---|---|
| IMLAY CITY | MI | 48444 | US | 04  02  1987 |
| City | State | Zip Code | Country Code | Date of birth |

Physical street address (if different from permanent address)                  US                               Apt
City                State    Zip Code   Country Code

| | | | | | |
|---|---|---|---|---|---|
| 1 | 810 | 724-2091 | | | |
| Country Prefix | Area Code | Telephone Number | Extension | | |
| Permanent telephone number | | | 1 | 810 | 790-3383 |
| | | | Country Prefix | Area Code | Telephone Number   Extension |
| | | | Mobile/cellular telephone number | | |

JAWATKIN@SVSU.EDU
E-mail address

## Student borrower citizenship information

☒ YES, I am a U.S. citizen   ☐ NO, I am not a U.S. citizen but I am an eligible permanent resident   ☐ NO, I am NOT a U.S. citizen or permanent resident   *(See page 1, Who is eligible for Tuition Answer?)*

## College information

| | | |
|---|---|---|
| SAGINAW VALLEY STATE UNIVERSITY | UNIVERSITY CITY | MI |
| College name | College city | State |

For the academic period from  08  2006  to  05  2007      Anticipated graduation date  05  2010      Enrollment:  ☐ Full time   ☐ Half time   ☐ Less than half time
                            Month Year      Month Year

Grade Level
Undergraduate:  ☒ Freshman  ☐ Sophomore  ☐ Junior  ☐ Senior  ☐ 5th Year and beyond   Graduate:  ☐ 1st Year  ☐ 2nd Year  ☐ 3rd Year  ☐ Beyond 3rd Year

**APPLICATION PAGE ONE**      Continue to page two  ➤➤➤

Tuition Answer Loan Application and Promissory Note 2006-2007

**Reference information** *Reference can be a relative, friend, co-worker, etc. who is not living with you. Student, borrower, or cosigner cannot be listed as a reference.*

*Reference 1:*

| GIDCUMB | KIRK | D | |
|---|---|---|---|
| Last name | First name | MI | Suffix (Jr., III) |

| 98 DEER LANE | | | 1 | 810 | 245-1097 | |
|---|---|---|---|---|---|---|
| Permanent street address (P.O. Boxes not accepted) | | Apt | Country Prefix | Area Code | Telephone Number | Extension |
| | | | | | Permanent telephone number | |

| LAPEER | MI | 48446 | US | FRIEND |
|---|---|---|---|---|
| City | State | Zip Code | Country Code | Relationship to borrower |

*Reference 2:*

| HOOVER | SARAH | E | |
|---|---|---|---|
| Last name | First name | MI | Suffix (Jr., III) |

| 4644 SANDHILL RD | | | 1 | 810 | 441-8386 | |
|---|---|---|---|---|---|---|
| Permanent street address (P.O. Boxes not accepted) | | Apt | Country Prefix | Area Code | Telephone Number | Extension |
| | | | | | Permanent telephone number | |

| ALMONT | MI | 48003 | US | FRIEND |
|---|---|---|---|---|
| City | State | Zip Code | Country Code | Relationship to borrower |

**Cosigner information** *If no cosigner, leave this section blank.*

| WATKINS | JOHN | F | JR. | |
|---|---|---|---|---|
| Last name | First name | MI | Suffix (Jr., III) | Social Security number |

| 255 N ALMONT AVENUE | | | | 26 |
|---|---|---|---|---|
| Permanent street address (if your permanent street address is a P.O. Box, you must complete the physical street address section below.) | | | Apt | Years at address |

| IMLAY CITY | MI | 48444 | US | 08 | 27 | 1941 | RELATIVE |
|---|---|---|---|---|---|---|---|
| City | State | Zip Code | Country Code | Date of birth | | | Relationship to student |

| Physical street address (if different from permanent address) | | | Apt |
|---|---|---|---|
| | | US | |
| City | State | Zip Code | Country Code |

| 1 | 810 | 724-2091 | | 1 | 810 | 441-7975 | |
|---|---|---|---|---|---|---|---|
| Country Prefix | Area Code | Telephone Number | Extension | Country Prefix | Area Code | Telephone Number | Extension |
| Permanent telephone number | | | | Mobile/cellular telephone number | | | |

| LUVTOLAUGH1983@YAHOO.COM |
|---|
| E-mail address |

| RETIRED |
|---|
| Name of employer |

| RETIRED | 00 | 00 | 1 | 810 | 441-7975 | | $ 35,293 |
|---|---|---|---|---|---|---|---|
| Occupation | Years | Months at present employer | Country Prefix | Area Code | Telephone Number | Extension | Gross annual salary *(Documentation required, see page 1.)* |
| | | | Work telephone number | | | | |

| How often paid? ☐ weekly   ☐ bi-weekly   ☐ twice monthly   ☒ monthly | $ 0 | | *Alimony, child support, or separate maintenance income need not be revealed if you do not wish to have it considered as a basis for repaying this loan.* |
|---|---|---|---|
| | Additional income | Source of additional income | |

Monthly payment amount

| $ 0 | $ | |
|---|---|---|
| Rent | or   Mortgage | Name of mortgage holder |

**Cosigner citizenship information**

☒ YES, I am a U.S. citizen   ☐ NO, I am not a U.S. citizen but I am an eligible permanent resident   ☐ NO, I am NOT a U.S. citizen or permanent resident   *(See page 1, Who is eligible for Tuition Answer?)*

©2006 Sallie Mae
V06.04.24

Tuition Answer Loan Application and Promissory Note 2006-2007

## Loan request information

$ 35,000.00 _____ Amount may be from $1,500 up to $40,000, (depending on the type of school, and may not exceed the estimated cost of attendance).
*The lender will add the supplemental fee to your requested loan amount. If any borrower changes the loan amount, all borrowers must initial this field.*

Anticipated use of Tuition Answer Loan funds: (dollar allocation)   $ 14,000.00   Tuition, Fees, Room, Board (paid directly to school)   $ 16,000.00   Other Expenses (educational expenses not paid directly to the institution)

## Loan options

Repayment options check one   ☐ Pay principal and interest while in school   ☐ Pay only interest while in school   ☒ Defer principal and interest while in school
*If you do not make a choice, you will pay only interest while in school. Deferment of payments will result in higher fees. Loan repayment option may not be changed after disbursement.*

## Signatures    All borrowers must sign below.

I understand that I am not required to fax my signature on this Application/Promissory Note to the Lender. If I choose to fax my signature on this Application/Promissory Note to the Lender, I intend: (i) my fax signature to be binding on me and to be an electronic signature under applicable federal and state law, (ii) the fax printout received by the Lender to be an original document, (iii) to conduct business with the Lender by electronic records and electronic signatures, and (iv) that this Application/Promissory Note will not be governed by Article 3 or Article 9 of the Uniform Commercial code.

Notice to ALL BORROWERS
(a) Do not sign this before you read the Promissory Note even if otherwise advised.
(b) Do not sign this if it contains any blank spaces.
(c) You are entitled to an exact copy of any agreement you sign.
(d) You have the right at any time to pay in advance the unpaid balance due under this agreement without penalty and you may be entitled to a partial refund of the finance charge.

I declare that the information provided above is true and complete to the best of my knowledge and belief. I have read and agree to the terms of the Promissory Note accompanying this application.

I, THE COSIGNER HAVE READ THE APPLICABLE COSIGNER NOTICE.

Promise to pay: Jointly and severally with the other signers below, I promise to pay the lender or any other holder of this loan all sums disbursed under the terms of the Promissory Note, plus interest and all other charges that may become due. The terms and conditions set forth in the Promissory Note constitute the entire agreement between us.

**CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.**

| Borrower signature | Please print full name | Date |
|---|---|---|
| *(signature)* | Jason A Watkins | 6-16-06 |
| Student borrower signature | Please print full name | Date |
| *(signature)* | John F. Watkins, Jr | 6/16/06 |
| Cosigner signature | Please print full name | Date |

### Lender use only

| TA_WEB | 002314 | 831042 |
|---|---|---|
| Source code | School code | Pre-approval code |

Sallie Mae Bank, Murray, UT    c/o Sallie Mae, 50 Braintree Hill Park, Suite 300, Braintree, MA 02184
Originating lender

Cosigner(s): Please read your state-specific notice, then, if applicable, sign, date and return it to:
Sallie Mae, Tuition Answer Loan Processing, 50 Braintree Hill Park, Suite 300, Braintree, MA 02184.
Retain a copy for your records.

Wisconsin Borrower(s) and Cosigner(s): If you are married, your spouse must read the notice to married Wisconsin residents and sign, date and return it to:
Sallie Mae, Tuition Answer Loan Processing, 50 Braintree Hill Park, Suite 300, Braintree, MA 02184.
Retain a copy for your records.

APPLICATION PAGE THREE

©2006 Sallie Mae
V06.04.24

Tuition Answer Loan Application and Promissory Note 2006-2007

# Promissory Note

In this Promissory Note ("Note") the words "I", "me", "my", "mine" and "we" mean the borrower, student borrower and cosigner(s), unless the language specifically refers to only one or the other. "You", "your" and "yours" means the lender as listed on page three of the application and any subsequent holder of this Note.

## A. PROMISE TO PAY

I promise to pay to your order according to the terms below: the sum of the Loan Amount Requested to the extent it is advanced to me, or on my behalf, which includes the Supplemental Fee (together the "Loan Amount"); other interest, fees and charges accrued or Capitalized on the Loan Amount as described in this Note; and, in the event of Default, reasonable attorneys' fees, court costs and collection agency fees to the extent permitted by law.

## B. DEFINITIONS

1. Interim Period - The "Interim Period" will begin on the Disbursement Date. The Interim Period will end 4 1/2 years after the Disbursement Date or 6 months after the student graduates or drops below half time enrollment at an eligible school, whichever is earlier.

2. Repayment Period - The "Repayment Period" will begin on the day after the Interim Period ends, or earlier if elected (see Section D. Terms of Repayment) and will continue for up to 360 months after the first principal and interest payment is due, until the loan is paid in full.

3. Capitalized Interest and Other Amounts - From time to time, interest, fees or charges due and not yet paid may be added, without notice, to the principal amount of the loan as provided in this Note. This addition is called "capitalizing" and such amounts are considered to be "Capitalized." Since interest accrues on the outstanding principal balance, capitalizing increases the total cost of the loan.

4. Default - You may declare my loan in default following an event described in Section K. End to Interim Period; Whole Loan Due; Rate After Default except as follows:
- IDAHO, IOWA, KANSAS, MAINE and SOUTH CAROLINA RESIDENTS ONLY: I will be in default if I fail to make a payment as required by this Note (or within 10 days of the time required by this Note, for Iowa residents), or if the prospect of my payment or performance is significantly impaired. The burden of establishing the prospect of significant impairment is on you.
- WISCONSIN RESIDENTS ONLY: I will be in default (a) if I permit to be outstanding an amount exceeding one full payment which has remained unpaid for more than 10 days after its scheduled due date or deferred due date, or I fail to pay the first payment or the last payment within 40 days of its scheduled due date or deferred due date, or (b) if I fail to observe any other provision of this Note, the breach of which materially impairs my ability to pay the amounts due under the Note.

5. Disbursement Date – The date shown on the first Loan check.

6. Disclosure Statement – The Truth In Lending Disclosure Statement that will be sent prior to the time of the first Disbursement Date and which is hereby incorporated into this Note.

7. Additional Terms - The terms "Interest", "Late Charge", "Supplemental Fee", "Payment Return Fee", "Forbearance Fee", "Modification Fee" and "Collection Costs" are defined in the Note sections so titled. "Variable Rate", "Index", "Prime Rate", and "Margin" are defined under Section C. Interest.

## C. INTEREST

1. Accrual of Interest - Interest will accrue on the unpaid balance of the Loan from the Disbursement Date until payment in full at the Variable Rate (as defined below). The interest rate will not exceed the maximum allowed by law.

2. Variable Rate - I will pay interest at a Variable Rate equal to the Index plus or minus the percentage identified on my Disclosure Statement (the "Margin"), rounded to the nearest one-fourth of one percent (0.25%). The Variable Rate will change on the first day of each month if the Index changes. The Index is the highest U.S. Prime Rate as published in The Wall Street Journal under the "Money Rates" section on the next to last New York business day of the prior month. A New York business day is defined as any day that is not a Saturday, Sunday, holiday or other day on which banking institutions in New York are authorized or ordered to close by law or executive order.

3. Substitute Index - If The Wall Street Journal is not published or the U.S. Prime Rate is not stated, then the Index will be determined by using the immediately preceding published highest U.S. Prime Rate. If the U.S. Prime Rate ceases to be available, you will choose a comparable substitute.

## D. TERMS OF REPAYMENT

1. Payment Due Date - My loan payments are due on the date specified by you. All payments must be made in U.S. dollars at the address specified by you.

2. Repayment Election: Pay Principal and Interest While in School - If I elected to pay principal and interest while the student is in school, I agree to repay this loan in consecutive monthly payments of principal and interest with the first payment due within 45 days after the first Disbursement Date.

3. Repayment Election: Pay only Interest While in School - If I elected to pay only interest while the student is in school or I did not make a choice, I will pay only interest on my loan during my Interim Period. I must pay principal and interest in consecutive monthly installments during my Repayment Period.

4. Repayment election: Defer Principal and Interest While in School - If I elected to defer principal and interest payments while the student is in school, I agree to repay this loan in consecutive monthly installments of principal and interest during my Repayment Period. Interest that accrues on my loan during the Interim Period is Capitalized at the start of my Repayment Period.

5. Determining the Repayment Period - When the Interim Period ends, you will determine the Repayment Period for my loan, based on the then outstanding balance of my loan,

Tuition Answer Loan Application and Promissory Note 2006-2007

including any Capitalized interest and other amounts, as follows:

Outstanding Balance/Repayment Period
Up to $2,999/up to 4 years
$3,000 to $3,999/6 years
$4,000 to $7,499/10 years
$7,500 to $9,999/15 years
$10,000 to $39,999/20 years
$40,000 to $59,999/25 years
$60,000 and above/30 years

The Repayment Period may change if the interest rate changes (see Section D.7. Interest Rate Changes During Principal and Interest Payment Period). I agree to make monthly payments of principal and interest to repay my loan within the Repayment Period. You will send me statements showing the amounts I must pay.

6. Interest Rate Changes During Interest-Only Payment Period - My monthly statement during periods of interest-only payments will reflect the interest due based on the current rate. If the interest rate increases or decreases during any period when I am required to make interest-only payments, my monthly payment amounts will increase or decrease.

7. Interest Rate Changes During Principal and Interest Payment Period - If the interest rate changes during any period when I am required to make principal and interest payments, my monthly payment amounts will stay the same but I will be required to make more or fewer payments than would otherwise be required, unless my monthly payment is not enough to pay my principal and interest within a Repayment Period of 30 years or twice the period set forth in the table in Section D.5, whichever is less. During any month when there is a decrease from the interest rate in effect at the last payment adjustment, any amount remaining after accrued interest is paid will be applied to principal. During any month when there is an increase from the interest rate in effect at the last payment adjustment, there will be excess interest that is not paid (unless I voluntarily pay such interest). Any interest that remains unpaid will be Capitalized. If the interest rate increases so that my monthly payment is not enough to pay my principal and interest within a Repayment Period of 30 years or twice the period set forth in the table in Section D.5. Determining the Repayment Period, whichever is less, you will increase my monthly payment to an amount that will do so. My statements will reflect any change in my payment amount.

8. Amounts Owing at the End of the Repayment Period - Since interest accrues daily upon the unpaid principal balance of my loan, if I make payments after my payment due dates, I may owe additional principal and interest, fees and charges at the end of the Repayment Period.

9. Minimum Payment; Changing Payments - Notwithstanding any paragraph of this Section, my combined monthly principal and interest payments for all my Tuition Answer Loans will never be less than $50, or the sum of the unpaid balances, whichever is less. If I wish to modify this Note to increase my monthly payment amounts, or to choose a graduated repayment option, if available, I must call 1-888-2SALLIE. A fee may be charged for such modifications, as provided under Section H. Fees for Forbearance or Modification.

10. Payments - Payments will be applied first to Late Charges, then to Payment Return Fees and Collection Costs, then to accrued interest, and the remainder to principal.

Payments in excess of the amount due will advance the next payment due date by the number of whole payments satisfied by the extra funds. (For example, if my payment amount is $100, I am not delinquent and I pay $400 for the month of January, my next payment due date will be May).

11. Payment in Full - If I wish to make a payment in satisfaction of a disputed amount or balance, I must send it to P.O. Box 3800, Wilkes-Barre, PA 18773-3800 with a letter of explanation. To the extent permitted by law, you may accept late payments, partial payments, or payments marked "payment in full" or having similar language, without waiving your rights under this Note.

E. LATE CHARGE

If my payment (or any part of my payment) is more than 15 days late, I will pay a late charge of either $15 or 5% of the amount that is late, whichever is less.

F. SUPPLEMENTAL FEE

1. Fee at Disbursement - You may charge a Supplemental Fee and capitalize it at the Disbursement Dates of my loan. The amount of this fee, if charged, will be identified on my Disclosure Statement as the Supplemental Fee paid or Prepaid Finance Charge and will be a percentage of the principal balance of my loan.

2. When Earned - I understand and agree that the Supplemental Fee, if any, is earned when assessed and is not subject to rebate if I prepay my loan.

G. PAYMENT RETURN FEE

If I make a payment and that payment is returned or refused by my bank for any reason, I agree to pay a charge of up to $20.00 for each payment so returned. Such Payment Return Fee may be Capitalized at your option.

H. FEES FOR FORBEARANCE OR MODIFICATION

1. I may request, and you, at your sole discretion, may grant me a Forbearance under which I may defer regularly scheduled payments for a maximum of 6 months at a time. Interest that accrues and remains unpaid during this period will be Capitalized at the end of the Forbearance. If I request a Forbearance and you grant it, I agree to pay a Forbearance Fee. The fee will be disclosed to me before any such Forbearance and will not exceed the amount then set by the lender for Forbearance.

2. I may request, and you, at your sole discretion, may grant me a Modification of my payment amount. If I request such Modification and you grant it, I agree to pay a Modification Fee. The fee will be disclosed to me before any such Modification and will not exceed the amount then set by the lender for Modification.

I. CHARGES FOR OPTIONAL SERVICES

If I request and you agree to provide optional services to me in connection with my loan, you may charge me and I agree to pay the fees for such services. The fee will be disclosed to me before I accept any such service and will not exceed the amount then set by the lender for each service. Optional services may include, but are not limited to: (a) allowing me to make an expedited payment on my loan; (b) sending documents to me by express delivery or facsimile transmission.

Tuition Answer Loan Application and Promissory Note 2006-2007

## J. RIGHT TO PREPAY

I have the right to prepay all or any part of my loan at any time without penalty.

## K. END OF INTERIM PERIOD; WHOLE LOAN DUE; RATE AFTER DEFAULT

Subject to Section B.4. Default, you have the right to cease to make further disbursements to me and to give me notice that the Interim Period will end at once and the Repayment Period will begin immediately or to give me notice that the whole out-standing principal balance, accrued interest, and all other amounts payable to you under the terms of this Note are due and payable at once if:

1. I fail to make any payment to you when due; or
2. I fail to provide a notice required in Section M.1 Notices/Change in My Information on time; or
3. I break any of my other promises in this Note; or
4. Any bankruptcy proceeding is begun by or against me and not dismissed within 60 days, or I assign any of my assets to or for the benefit of my creditors; or
5. I make any false written statement in applying for this loan or at any time during the Interim Period or Repayment Period; or
6. I die or any cosigner dies; or
7. I am in Default on any loans I may already have with you, or on any loans I may have with you in the future.

You have these rights even if the listed event occurs during the Interim Period.  In addition, if any of the listed events occur, I will be required to pay interest on this loan accruing afterwards at the Variable Rate applicable to this loan prior to such event plus 2%. The Variable Rate will be subject to adjustment in the same manner as before.

## L. COLLECTION COSTS

Unless prohibited by applicable law, I agree to pay you  all amounts, including reasonable attorneys' fees, and collection agency, court and other collection costs  that you incur in enforcing the terms of this Note (collectively, "Collection Costs"). The Collection Costs that I agree to pay also include fees and costs incurred in connection with any appellate or bankruptcy proceedings.

## M. NOTICES

1. Change in My Information  - I will send written notice to you, or any subsequent holder of this Note, within 10 days after any change in my name, address or telephone number or School enrollment status.
2. When Effective - Any notice required to be given to me by you will be effective when mailed to the latest address you have for me.
3. Reports to Credit Bureau - **You may report information about my account to any credit bureaus. Late payments, missed payments, or other defaults on my account may be reflected in my credit bureau report.**
4. Not Negotiable - This is a non-negotiable consumer note.
5. Federal Notices - I understand that the following notice is required by federal law. [For purposes of this notice, the words "you" and "yours" mean the Cosigner(s) who signed the application, not the lender.]

NOTICE TO COSIGNER:
You are being asked to guarantee this debt.  Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.
You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.
The lender can collect this debt from you without first trying to collect from the borrower. The lender can use the same collection methods against you that can be used against the borrower, such as suing you, gar-nishing your wages, etc. If this debt is ever in default, that fact may become a part of *your* credit record.
This notice is not the contract that makes you liable for the debt.

I understand that the following notice is required by federal law and is only applicable to loans issued to finance educational expenses at for-profit educational institutions or institutions oth-erwise subject to the FTC Holder Rule under 16 C.F.R. §433.2.

NOTICE:
ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

6. State Notices - I understand that the following notices are required by or are necessary under state law and that these notices may not describe all of the rights that I have under state or federal law. Unless otherwise indicated, each notice applies to Borrowers and Cosigners who live in the indicated state on the date that they sign this Note and to Borrowers and Cosigners who are residents of that state.

- CALIFORNIA RESIDENTS ONLY: A married applicant may apply for a separate account.
- CALIFORNIA and UTAH RESIDENTS ONLY: As required by California and Utah law, I am hereby notified that a nega-tive credit report reflecting on my credit record may be sub-mitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations.
- IOWA and KANSAS RESIDENTS ONLY: (For purposes of the following notice to Iowa and Kansas residents, "you" means the borrower and co-borrower, not the lender.) NOTICE TO CONSUMER 1. Do not sign this paper before you read it. 2. You are entitled to a copy of this paper. 3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with law.

Tuition Answer Loan Application and Promissory Note 2006-2007

– MARYLAND RESIDENTS ONLY: You elect to make this loan pursuant to Subtitle 10 (Credit Grantor Closed End Credit provisions) of Title 12 of the Maryland Commercial Law Article only to the extent that such provisions are not inconsistent with your authority under federal law (12 U.S.C. §85, §1463(g), or §1831d, as appropriate) and related regulations and interpretations, which authority you expressly reserve.

– MASSACHUSETTS RESIDENTS ONLY: Massachusetts law prohibits discrimination based upon marital status or sexual orientation.

– MISSOURI RESIDENTS ONLY: **ORAL AGREE-MENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR FORBEAR FROM ENFORCING REPAYMENT OF DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCE-ABLE. TO PROTECT YOU (BORROWER(S)) AND US (CREDITOR) FROM MISUNDER-STANDING OR DISAPPOINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREE-MENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT.**

– NEVADA RESIDENTS ONLY: This is a loan for study.

– NEW JERSEY RESIDENTS ONLY: The section headings of the Note are a table of contents and not contract terms. Portions of this Note with references to actions taken to the extent of applicable law apply to acts or practices that New Jersey law permits or requires. In this Note, acts or practices (i) by you which are or may be permitted by "applicable law" are permitted by New Jersey law, and (ii) that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law.

– NEW YORK, RHODE ISLAND and VERMONT RESIDENTS ONLY: I understand and agree that you may obtain a consumer credit report in connection with this application and in connection with any updates, renewals or extensions of any credit as a result of this application. If I ask, I will be informed whether or not such a report was obtained and, if so, the name and address of the agency that furnished the report. I also understand and agree that you may obtain a consumer credit report in connection with the review or collection of any loan made to me as a result of this application or for other legitimate purposes related to such loans.

– OHIO RESIDENTS ONLY: The Ohio laws against discrimi-nation require that all creditors make credit equally available to all creditworthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission admin-isters compliance with this law.

– VERMONT RESIDENTS ONLY: (For purposes of the fol-lowing notice to Vermont residents, "your" and "you" means any cosigner, not the lender.) **NOTICE TO COSIGN-ER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.**

– WISCONSIN RESIDENTS ONLY: For married Wisconsin residents, my signature confirms that this loan obligation is being incurred in the interest of my marriage or family. No provision of any marital property agreement, unilateral state-ment under §766.59 of the Wisconsin Statutes or court decree under §766.70 adversely affects your interest unless, prior to the time that the loan is approved, you are furnished with a copy of the marital property agreement, statement, or decree or have actual knowledge of the adverse provision. My spouse has actual knowledge that this credit is being extended to me and has waived the requirements of Wisconsin Statute §766.56(3)(b), as acknowledged by his or her signature on the Notice to Married Wisconsin Residents.

**N. WHEN BOUND; CANCELLING**

1. I understand that when you accept the attached signed application, you are not agreeing to lend me money, and I am not bound to these credit terms, and that there will be no such agreement until the later of the time of the Disbursement Date or my right to cancel as described in paragraph 2 has expired.

2. Upon receipt of the Disclosure Statement, I will review it and if I am not satisfied with the terms of my loan as approved, I may cancel the Note and all disbursements. To cancel this Note, I must call 1-800-749-9100 within 5 days of the date of the Disclosure Statement and I will not cash the loan check.

**O. ADDITIONAL AGREEMENTS**

1. I understand I have the right to lend an amount less than the Loan Amount Requested or to accept or reject my application. You also have the right to cancel any undisbursed amount if (a) the student ceases to be enrolled (at least half time) at the School or (b) any cosigner notifies you that he or she no longer wants to repay the amount not yet disbursed, or (c) an event occurs as described in Section K End to Interim Period; Whole Loan Due; Rate After Default, or (d) the School ceases to be eligible to participate in the Tuition Answer Loan pro-gram. The reasons that the school may cease to be eligible to participate include, but are not limited to, voluntary agree-ment with you to that effect, loss of eligibility to participate in one or more federally guaranteed student loan programs, and a default rate on federally guaranteed student loans, some-times referred to as a "cohort default rate," deemed by you, in your sole discretion, to be excessive. I may go to https://tuitionanswer.salliemae.com/TA/welcome.asp to determine whether my School participates at the time I access this web page.

2. You may assign this Note at any time. If this Note is assigned, the assignee will become the owner of this Note and will have all your rights to enforce this Note against me. I may not assign this Note or any of its benefits or any of my obligations. The obligations of this Note will be binding on my estate.

3. I understand that the lender is located in the State of Utah and this Note will be entered into in the same State.

Tuition Answer Loan Application and Promissory Note 2006-2007

Consequently, the provisions of this Note will be governed by federal laws and the laws of that State, to the extent not preempted, without regard to conflict of laws rules.

4. I understand that if the information on my Disclosure Statement conflicts with this Note, the information on my Disclosure Statement applies.

5. My failure to receive a statement does not relieve me of my obligation to make my required loan payments in accordance with the terms and conditions of this Note.

6. By accepting past due payments you do not waive or affect any right to accelerate this Note. I waive any notice of dishonor, notice of protest, presentment, demand for payment, and all other notices or demands in connection with this Note and consent to the addition of a party who will be liable upon this loan or any other loans I have outstanding under the program, to any and all extensions, renewals, or releases of any party liable upon this loan or any other loans I have outstanding under the program and to any waiver or modification that may be granted by you, all without affecting or releasing any borrower or cosigner from such loans. My responsibility for repaying this loan is not affected by the liability of any other person to you or by your failure to notify me that a payment has not been made.

7. If any provision of this Note is held invalid or unenforceable, that provision shall be considered omitted from this Note without affecting the validity or enforceability of the remainder of this Note.

8. This Note may be modified only if you put the modification in writing and the modification is agreed to by any borrower or cosigner. Any such modification does not require the consent of any other borrower or cosigner and will not affect the validity or enforceability of the remainder of this Note.

9. Your failure to exercise any right hereunder does not constitute a waiver thereof. All waivers must be in writing.

10. I understand that any communication you are required or permitted under the Federal Bankruptcy Code must be in writing, must include my account number, and must be sent to P.O. Box 9400, Wilkes-Barre, PA 18773-9400.

11. I hereby waive all my defenses to this Note based on suretyship.

12. I understand that you may use automated telephone dialing equipment or an artificial or pre-recorded voice message to contact me in connection with this loan or loan application. You may contact me at any telephone number I provide in the application or I provide in the future, even if that number is a cellular telephone number.

13. I acknowledge that I have received a true and exact copy of this Note.

14. A photocopy, facsimile, electronic or other copy of the Disclosure Statement, this Note or any Cosigner Notice shall have the same effect for all purposes as the original and a photocopy, facsimile, electronic or other copy of my signature on the Disclosure Statement, this Note or any Cosigner Notice shall be binding on me.

15. I agree to provide promptly, upon request, any additional information that you may require to identify me, to confirm that I continue to be eligible for this loan, or to confirm that none of the events listed in Section K. End to Interim Period; Whole Loan Due; Rate after Default has occurred.

## P. CERTIFICATION AND CONSENT TO INFORMATION SHARING

1. I certify that the information contained in the application is true, complete and correct to the best of my knowledge and belief and is made in good faith, that I am eligible for this loan and that I will repay it according to the terms of this Note.

2. I authorize any school that the student may attend to release to you or your agents any requested information pertinent to this loan (e.g., employment, enrollment status, current address) and advise you whether I am eligible for a future loan. I authorize you or your agents to check my credit and employment history for this loan and for future loans that may be offered to me, to answer questions about their credit experience with me, and to release the results of the credit review process to the School. I further authorize you to release any other information on this loan to the School or to other schools the student has attended for which I have taken out a student loan.

3. I authorize you to verify my identity by comparing information provided by me with information obtained from a consumer reporting agency, public database or other source.

4. I consent to the sharing of any information about this loan with my parent, guardian, child, spouse or sibling who complies with your procedures unless I revoke this consent or unless prohibited by law. I understand that I may revoke this consent by contacting the servicer at 1-888-2SALLIE or P.O. Box 9500, Wilkes-Barre, PA 18773-9500.

5. I certify that this loan is a qualified education loan as described in Section 221 (d)(1) of the Internal Revenue Code of 1986, 26 U.S.C. §221 (d)(1), and that therefore this loan is not dischargeable in bankruptcy except pursuant to 11 U.S.C. §523 (a)(8). I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting the student's qualified higher education expenses related to attendance at the School. I understand that failure to complete the educational program undertaken by the student does not relieve me of any obligation on this Note.

6. I also certify that: I have read the materials explaining the loan program that have been provided to me; I have read, understand and agree to the provisions of the program, my responsibilities and my rights under this program; the terms of this Note and this "Certification and Consent to Information Sharing."

## Q. CORRECTION OF ERRORS

All parties to this Note agree to cooperate fully and adjust all typographical, computer, calculation or clerical errors discovered in any or all of the loan documents including the application, Note and Disclosure Statement. In the event this procedure is used, all parties involved will be notified and receive a corrected copy of the changed document.

## R. BORROWER/COSIGNER/STUDENT RELEASE

I agree that, if a cosigner applicant fails to qualify for this loan, but you approve the application on the basis of the creditworthiness of the student borrower and any other cosigner applicant, or on the basis of the borrower, student borrower, and

any other cosigner applicant, as applicable, then you may release said cosigner applicant from liability hereunder, but this Note will still bind the student borrower and any remaining cosigner, or the borrower, student borrower, and any remaining cosigner, as applicable. As a borrower or cosigner, I agree that if the student borrower is released from liability on this loan for any reason, including infancy, I hereby consent to such release and to my continued liability for this loan after such release.

## ARBITRATION AGREEMENT

You and I agree that either party may elect to arbitrate— and require the other party to arbitrate—any Claim under the following terms and conditions. This Arbitration Agreement is part of the Tuition Answer Loan Promissory Note ("Note").

**A. RIGHT TO REJECT:** I may reject this Arbitration Agreement by sending you a rejection notice by certified or registered mail or by messenger service within 60 days after the date of my First Disbursement. Any Rejection Notice must include my name, address, telephone number and loan or account number, and must be sent to Sallie Mae Servicing, PO Box 59030, Panama City, FL 32412.

**B. IMPORTANT WAIVERS AND WARNING:** If you or I elect to arbitrate a Claim, you and I both waive the right to: (1) have a court or a jury decide the Claim; (2) participate in a class action in court or in arbitration, either as a class representative or a class member, or act as a private attorney general in court or in arbitration (the "Class Action Waiver"); (3) join or consolidate Claim(s) with claims involving any other person; or (4) obtain information except as provided herein. WARNING: Other rights are more limited or not available in arbitration.

**C. DEFINITIONS:** In this Arbitration Agreement, the following definitions will apply:
- "I," "me" and "my" mean each and every Borrower and Cosigner on the Note; the Student on whose behalf the proceeds of the Note have been advanced; and the heirs, executors and assigns of all of the foregoing.
- "You," "your" and "yours" mean the Lender; Sallie Mae, Inc.; any Sallie Mae affiliate or subsidiary; all of their parents, wholly or majority owned subsidiaries and affiliates; any predecessors and successors of these entities; and all officers, directors and employees thereof. It also includes any party named as a co-defendant with you in a Claim asserted by me, such as investors or potential investors, credit bureaus, credit insurance companies, closing agents, escrow agents, insurance agents, loan originators, rating agencies, loan servicers, debt collectors, loan guarantors, performance bond trustees, tuition recovery funds, the School, and any of the School's financial aid offices or officers.
- "Administrator" means, as applicable, the American Arbitration Association, 335 Madison Avenue, New York, NY 10017, www.adr.org, (800) 778-7879, or the National Arbitration Forum, P.O. Box 50191, Minneapolis, MN 55405, www.arb-forum.com, (800) 474-2371, provided that the Administrator must not have in place a formal or informal policy that is inconsistent with and purports to override the terms of this Arbitration Agreement.

- "Claim" means any claim, dispute or controversy between you and me that arises from or relates in any way to the Note, including any dispute arising before the date of this Arbitration Agreement and any dispute relating to: (1) the Note and any applications, disclosures and other documents relating in any way to the transactions evidenced by the Note; (2) any insurance or other service or product offered or made available by or through you in connection with the Note, and any associated fees or charges; and (3) any documents, instruments, advertising or promotional materials that contain information about the Note or any associated insurance or other service or product. This includes, without limitation, disputes concerning the validity, enforceability, arbitrability or scope of this Arbitration Agreement or the Note; disputes involving alleged fraud or misrepresentation, breach of contract, negligence or violation of statute, regulation or common law; and disputes involving requests for injunctions or other equitable relief. However, "Claim" does not include any individual action brought by me in small claims court or my state's equivalent court, unless such action is transferred, removed, or appealed to a different court. **"Claim" does not include any challenge to the validity and effect of the Class Action Waiver, which must be decided by a court.**

**D. STARTING AN ARBITRATION:** To initiate an arbitration, you or I must give written notice of an election to arbitrate. This notice may be given after a lawsuit has been filed and may be given in papers or motions in the lawsuit. If such a notice is given, the Claim shall be resolved by arbitration under this Arbitration Agreement and the applicable rules of the Administrator then in effect. I must select the Administrator when I give notice of my election to arbitrate or within 20 days of your notice; otherwise, you will select the Administrator. The arbitrator will be selected under the Administrator's rules, except that the arbitrator must be a lawyer with at least ten years of experience or a retired judge.

**E. LOCATION AND COSTS:** Any arbitration hearing that I attend will take place in a location that is reasonably convenient to me. You will consider (and generally honor) any good faith request by me for you to bear the fees charged by the Administrator and the arbitrator and will always pay the fees if required by applicable law. You will not seek reimbursement from me of fees you are required to pay or agree to pay on my behalf. Each party must pay the expense of that party's attorneys, experts and witnesses, regardless of which party prevails in the arbitration, unless applicable law otherwise provides.

**F. DISCOVERY; GETTING INFORMATION:** Either party may obtain from the other party prior to the hearing any information available under the Administrator's rules or any information the arbitrator determines should be made available.

**G. EFFECT OF ARBITRATION AWARD:** Any court with jurisdiction may enter judgment upon the arbitrator's award. The arbitrator's award will be final and binding, except for: (1) any appeal right under the Federal Arbitration Act, 9 U.S.C. §§1 et seq. (the "FAA"); and (2) Claims involving more than $50,000. For Claims involving more than $50,000, any party may appeal the award to a three-arbitrator panel appointed by the Administrator, which will reconsider de novo any aspect of

Tuition Answer Loan Application and Promissory Note 2006-2007

the initial award that is appealed. The panel's decision will be final and binding, except for any appeal right under the FAA. Except as provided above under the caption "Location and Costs," the appealing party will pay the Administrator's and arbitrator's costs of the appeal.

**H. GOVERNING LAW:** This Arbitration Agreement is made pursuant to a transaction involving interstate commerce and shall be governed by the FAA, and not by any state law concerning arbitration. The arbitrator shall follow applicable substantive law to the extent consistent with the FAA, applicable statutes of limitation and applicable privilege rules, and shall be authorized to award all remedies permitted by applicable substantive law, including, without limitation, compensatory, statutory and punitive damages (subject to constitutional limits that would apply in court), declaratory, injunctive and other equitable relief, and attorneys' fees and costs. Upon the timely request of either party, the arbitrator shall write a brief explanation of the basis of his or her award.

**I. SURVIVAL, SEVERABILITY, PRIMACY:** This Arbitration Agreement shall survive my full payment of the Note; your sale or transfer of the Note; any legal proceeding to collect a debt owed by me; any bankruptcy or insolvency; any forbearance or modification granted pursuant to the Note; and any cancellation, or request for cancellation, of any or all disbursements under the Note. If any portion of this Arbitration Agreement cannot be enforced, that portion will be severed, and the rest of the Arbitration Agreement will continue to apply, provided that the entire Arbitration Agreement shall be null and void if the Class Action Waiver is held to be invalid with respect to any class or representative Claim, subject to any right to appeal such holding. In the event of any conflict or inconsistency between this Arbitration Agreement and the Administrator's rules or the Note, this Arbitration Agreement will govern; in the event of any conflict or inconsistency between the Administrator's rules and the Note, the Administrator's rules will govern.

---

**IMPORTANT INFORMATION ABOUT PROCEDURES FOR OPENING A NEW ACCOUNT**
Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account.

What this means for me: When I apply for a student loan, you will ask for my name, address, date of birth, and other information that will allow you to identify me. You may also ask to see my driver's license or other identifying documents.

---

**WARNING:** KNOWINGLY MAKING ANY FALSE STATEMENT OR REPORT OR WILLFULLY OVERVALUING ANY PROPERTY FOR THE PURPOSE OF INFLUENCING IN ANY WAY ANY ACTION OF SALLIE MAE BANK ON THE APPLICATION OR ON THE LOAN IS A FEDERAL CRIME PUNISHABLE BY A FINE OF UP TO $1,000,000 OR IMPRISONMENT FOR UP TO 30 YEARS OR BOTH.

---

Tuition Answer Loan Application and Promissory Note 2006-2007

SALLIE MAE EDUCATION LOAN PROGRAM
TRUTH IN LENDING DISCLOSURE STATEMENT

Loan Number: 831042

JASON A. WATKINS
Name of Primary Borrower

Lender Name and Address:
Sallie Mae Bank
5217 South State Street
Murray, UT 84107 US

JOHN WATKINS
Name of Cosigner

Name of Cosigner 2

JASON A. WATKINS
Name of Student Borrower

July 13, 2006
Date

This disclosure statement relates to your Sallie Mae Education Loan to be disbursed on 07/19/2006 .

This loan's interest rate is equal to the Index plus a margin, rounded to the nearest one-fourth of one percent (0.25%). The current Index is  8.000 % . The margin is  4.500 % . Your current interest rate is 12.500 %. In no event will the interest rate exceed the maximum rate allowed by law.

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 11.948 %    (e) | $   128,097.67     (e) | $    30,000.00 | $   158,097.67     (e) |

Your payment schedule will be:

| Number of payments:    (e) | Amount of payments:    (e) | Payments are due monthly on the 19  day of each month:    (e) |
|---|---|---|
| 299<br>1 | $   526.98<br>$   530.65 | 12/19/2010<br>11/19/2035 |

**MONTHLY VARIABLE RATE:** The interest rate, based on an Index and a Margin, may increase if the Index increases. The Index is the highest U.S. Prime Rate published in the "Money Rates" section of the Wall Street Journal on the next to the last New York business day of the month. Any change to the interest rate will take effect on the first day of the following month, but no more frequently.

During any period when principal and interest payments are deferred, any increase in the Index will result in a higher amount of interest capitalized and added to the principal, resulting in higher payments once repayment of principal and interest begins. For example, if your loan were $9,000 with an initial rate of 11% payable over 15 years, and you deferred payments for two years prior to repayment, and the Index increased by one percent after one year and remained at that level for the remainder of the deferral period and through the repayment term, your interest rate would increase to 12%, and your monthly payments would increase by $8.06.

During any period when principal payments are deferred but interest payments are being made, any increase in the Index will result in higher payments. For example, if your loan were $9,000 with an initial rate of 11% payable over 16 years, with interest-only payments for the first year and principal and interest payments for the next 15 years, and the Index increased by one percent after one month and remained at that level for the remaining term, your interest rate would increase to 12%, your monthly payments for the remainder of the first year would increase by $7.50 and for the next 15 years by $5.73.

During any period when principal and interest payments are being made, any increase in the Index will result in more payments of the same amount (or the balance due, whichever is less). For example, if your loan were $9,000 with an initial rate of 11% payable over 15 years, and the Index increased by one percent after one year and remained at that level for the remaining term, you would make 26 additional payments of the regular monthly payment amount. However, if, because of an increase in the rate, the regular monthly payment amount is not sufficient to repay your loan in full over the maximum repayment period, then your monthly payment amount will be increased to the minimum amount necessary to do so.

**LATE CHARGES:** If payment is more than 15 days late, you may be charged $15.00 or 5% of the amount that is late, whichever is less, and the interest rate may increase by 2% (for example, from an interest rate of 11% to 13%).

**PREPAYMENT:** If you pay off early, you will not have to pay a penalty; however, you will not receive a refund of part of the finance charge.

Please see your promissory note for information about nonpayment, default, the right to accelerate the maturity of the obligation, prepayment rebates and penalties.

(e) means an estimate

**Itemization of Amount Financed:**

| | | |
|---|---|---|
| Total amount financed: | $ | 30,000.00 |
| Supplemental fee paid (prepaid finance charge): | $ | 1,350.00 |

Amount(s) disbursed to Payee(s):

| Payee(s) | Date | Loan Amount | Supplemental Fee | Amount Disbursed |
|---|---|---|---|---|
| BORROWER | 07/19/2006 | $ 31,350.00 | $ 1,350.00 | $ 30,000.00 |

| | |
|---|---|
| School Enrolled in: | SAGINAW VALLEY STATE UNIVERSITY |
| Principal Amount of Note (amount financed plus supplemental fee): | $   31,350.00 |

**CANCELLATION:** If after reviewing this disclosure statement, you are not satisfied with the terms of your loan as approved, you may cancel the promissory note and all disbursements. To cancel, you must contact us within 5 business days of the date of this disclosure statement and you must return the funds to us. To contact us to cancel, call 1-800-749-9100. You are not bound to the credit terms of this loan, and there will be no such agreement, until the later of the disbursement date, as set forth on the first page, or the date your right to cancel has expired, as set forth herein.

Under the terms of your Note, you may be required to make a minimum monthly payment of $50 per loan. To make repayment manageable, we may schedule your monthly payment based on a minimum of $50 per account, rather than per loan, which may make your monthly payment lower and the total interest paid amount higher. If you wish to increase your minimum monthly payment amount for this loan, please call 1-888-2-SALLIE.

9:13:50  Friday, March 05, 2010

```
CLASS-111-ACCT BALANCE, AMT DUE, SCHOOL DATA------------ LSC/F        03/05/10
>NXT SCR 111 SSN ___ __ ____ _ PG ___ OWN ____ ST ____ GU __ LN __ DT __ __ __
SSN            1 LOANS 02      PROG ES     STATUS RPMT     GUAR 1G    OWNER 440400
NAME(FML) JASON      A WATKINS            DOB 04 02 87   OWNER  SLM PRIV CRDT
ADDR 255 N ALMONT AVE                     H PH 810 724 2091  BRNCH ID 4401
CITY IMLAY CITY        ST MI    ZIP 48444 1004 W PH ___ ___ ____ DFR INT CD  E
ADDR IND  D      RELEASE INFO  Y LANG            INT RATE            07.750
VALID ADDR Y     COS N COM Y    AMT OUT      40,254.98  TOT DSB $    31,350.00
COBORR IND       NLMA PAYOFF _   PRIN SUB          .00  PRIN PD            .00
SEP DATE  05/03/08  GRACE 06     PRIN NSUB    31,350.00  BR INT PD         .00
SCHOOL   002314   MCS            CAP INT       8,904.98  BR INT YTD        .00
SAGINAW VALLEY STATE UNIVERSIT   ACC BORR INT  3,711.91  BR INT PYR        .00
CLHSE   Y *DELQ*                 ANTICPD PIF DT 02/25/34  10-DAY PIF   54,727.10
                                 LATE CHG AMT     80.25  OTHER CHGS   10,594.55
PRESENT AMT DUE   3,914.25 PMT DUE DT    03/25/10 LAST BR PMT RECVD        .00
FEES ACCRUED          Y    SCH PMT AMT     260.95 AMT OF LST BR PMT        .00
AMT DELINQUENT    3,653.30 1ST PMT DUE   01/25/09 SCHED TERM             301
DAYS DELINQUENT      404   RPMT BEG DT   11/04/08 MAX PAYOFF DT     11/25/23
DELINQUENCY DT   01/25/09  COUP GEN DT   10/26/08 ACTUAL PAYOFF DT
CORRESPONDENCE ENTRY       CPP        CNSL IND              LETTER REQUEST ____
   DATE   SOURCE                            MESSAGE
  030510  E18351 ____ _____ CONT _
I001 PREVIOUS SCREEN PROCESSED SUCCESSFULLY
PF5=BORR ACTV(112).PF6=BILL(121).PF7=COS/REF(116).PF9=ORG PMT DUE.PF10=LOAN DIR
```

Amortization

NAME: Jason Watkins

loan 2

BEG BAL. PRIN  $31,350.00
BEG BAL. INT   $0.00
INT RATE:      12.500%

| EFFECTIVE DATE | # DAYS | INT RATE | DAILY ACCRD INT | ACCRD INT | PAYMENT AMOUNT | PRINCIPAL PAID | INTEREST PAID | UNPAID INTEREST | CAPITALIZED INTEREST | DECLINING PRINCIPAL BALANCE | NOTES |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | $0.00 | | $31,350.00 | |
| 7/19/2006 | 13 | 12.500% | 10.729 | $139.48 | | $0.00 | $0.00 | $139.48 | $0.00 | $31,350.00 | Repayment begin |
| 8/1/2006 | 0 | 12.750% | 10.944 | $139.48 | | $0.00 | $0.00 | $139.48 | $0.00 | $31,350.00 | |
| 8/1/2006 | 426 | 12.750% | 10.944 | $4,801.42 | | $0.00 | $0.00 | $4,801.42 | $0.00 | $31,350.00 | |
| 10/1/2007 | 0 | 12.250% | 10.514 | $4,801.42 | | $0.00 | $0.00 | $4,801.42 | $0.00 | $31,350.00 | |
| 10/1/2007 | 61 | 12.250% | 10.514 | $5,442.80 | | $0.00 | $0.00 | $5,442.80 | $0.00 | $31,350.00 | |
| 12/1/2007 | 0 | 12.000% | 10.300 | $5,442.80 | | $0.00 | $0.00 | $5,442.80 | $0.00 | $31,350.00 | |
| 12/1/2007 | 31 | 12.000% | 10.300 | $5,762.09 | | $0.00 | $0.00 | $5,762.09 | $0.00 | $31,350.00 | |
| 1/1/2008 | 0 | 11.750% | 10.085 | $5,762.09 | | $0.00 | $0.00 | $5,762.09 | $0.00 | $31,350.00 | |
| 1/1/2008 | 31 | 11.750% | 10.085 | $6,074.73 | | $0.00 | $0.00 | $6,074.73 | $0.00 | $31,350.00 | |
| 2/1/2008 | 0 | 11.000% | 9.441 | $6,074.73 | | $0.00 | $0.00 | $6,074.73 | $0.00 | $31,350.00 | |
| 2/1/2008 | 29 | 11.000% | 9.441 | $6,348.54 | | $0.00 | $0.00 | $6,348.54 | $0.00 | $31,350.00 | |
| 3/1/2008 | 0 | 10.500% | 9.012 | $6,348.54 | | $0.00 | $0.00 | $6,348.54 | $0.00 | $31,350.00 | |
| 3/1/2008 | 31 | 10.500% | 9.012 | $6,627.92 | | $0.00 | $0.00 | $6,627.92 | $0.00 | $31,350.00 | |
| 4/1/2008 | 0 | 9.750% | 8.369 | $6,627.92 | | $0.00 | $0.00 | $6,627.92 | $0.00 | $31,350.00 | |
| 4/1/2008 | 61 | 9.750% | 8.369 | $7,138.40 | | $0.00 | $0.00 | $7,138.40 | $0.00 | $31,350.00 | |
| 6/1/2008 | 0 | 9.000% | 8.154 | $7,138.40 | | $0.00 | $0.00 | $7,138.40 | $0.00 | $31,350.00 | |
| 6/1/2008 | 153 | 9.000% | 8.154 | $8,385.96 | | $0.00 | $0.00 | $8,385.96 | $0.00 | $31,350.00 | |
| 11/1/2008 | 3 | 8.500% | 7.725 | $8,385.96 | | $0.00 | $0.00 | $8,385.96 | $0.00 | $31,350.00 | |
| 11/1/2008 | 0 | 9.000% | 7.725 | $8,409.14 | | $0.00 | $0.00 | $8,409.14 | $8,409.14 | $31,350.00 | |
| 11/4/2008 | 27 | 9.000% | 9.797 | $8,409.14 | | $0.00 | $0.00 | $8,409.14 | $0.00 | $38,759.14 | cap |
| 12/1/2008 | 0 | 8.500% | 9.253 | $264.52 | | $0.00 | $0.00 | $264.52 | $0.00 | $38,759.14 | |
| 12/1/2008 | 25 | 8.500% | 9.253 | $264.52 | | $0.00 | $0.00 | $264.52 | $0.00 | $38,759.14 | |
| 12/26/2008 | 0 | 9.000% | 9.797 | $495.83 | | $0.00 | $0.00 | $495.83 | $495.83 | $40,254.97 | cap |
| 1/1/2009 | 6 | 8.500% | 9.368 | $56.21 | | $0.00 | $0.00 | $56.21 | $0.00 | $40,254.97 | |
| 1/1/2009 | 0 | 8.500% | 9.368 | $56.21 | | $0.00 | $0.00 | $56.21 | $0.00 | $40,254.97 | |
| 8/31/2009 | 242 | 7.750% | 8.541 | $2,123.24 | | $0.00 | $0.00 | $2,123.24 | $0.00 | $40,254.97 | charge off |
| 3/5/2010 | 188 | 7.750% | 8.541 | $3,711.94 | | $0.00 | $0.00 | $3,711.94 | $0.00 | $40,254.97 | |

**2007-2008**                                                    **Tuition Answer Loan Application**

*Correction fluid may not be used on the application.*

## Borrower Information

WATKINS _____ JASON _____ A ___ Suffix (Jr., III) ___ Social Security number
Last name                    First name              MI                                              19
255 N ALMONT AVENUE _____ Apt ___
Permanent street address (If your permanent street address is a P.O. Box, you must complete the physical street address section below.)    Years at address

IMLAY CITY ___ MI ___ 48444 ___ US ___ 04 02 1987 ___ STUDENT
City         State   Zip Code   Country Code   Date of birth   Relationship to student

Physical street address (If different from permanent address) _____ Apt ___
City _____ State ___ Zip Code ___ US ___
                                    Country Code

1   810   724-2091 _____        1   810   790-3383 _____
Country Prefix  Area Code  Telephone Number  Extension    Country Prefix  Area Code  Telephone Number  Extension
Permanent telephone number                    Mobile/cellular telephone number

JAWATKIN@SVSU.EDU
E-mail address

NOT WORKING
Name of employer

UNEMPLOYED ___ 00 00 ___ 1   810   790-3383 _____        $ 0
Occupation         Years Months  Country Prefix  Area Code  Telephone Number  Extension    Gross annual salary or retirement income
                   at present     Work telephone number                                    (Documentation required, see page 2.)
                   employer

How often paid?  ☐ weekly  ☐ bi-weekly  ☒ twice monthly  ☐ monthly    *Alimony, child support, or separate*    $ 0 ___ NONE
                                                                       *maintenance income need not be revealed*   Additional income   Source of
                                                                       *if you do not wish to have it considered*                      additional income
                                                                       *as a basis for repaying this loan.*

Monthly payment amount
$ 0 ___        $ ___        _____
Rent    or     Mortgage     Name of mortgage holder

## Borrower Citizenship Information

☒ YES, I am a U.S. citizen  ☐ NO, I am not a U.S. citizen but I am an eligible permanent resident  ☐ NO, I am NOT a U.S. citizen or permanent resident   (See page 1, Who is eligible for Tuition Answer?)

## Student Information

WATKINS _____ JASON _____ A ___ Suffix (Jr., III) ___ Social Security number
Last name                    First name              MI
255 N ALMONT AVENUE _____ Apt ___
Permanent street address (If your permanent street address is a P.O. Box, you must complete the physical street address section below.)

IMLAY CITY ___ MI ___ 48444 ___ US ___ 04 02 1987
City         State   Zip Code   Country Code   Date of birth

Physical street address (If different from permanent address) _____ Apt ___
City _____ State ___ Zip Code ___ US ___
                                    Country Code

1   810   724-2091 _____        1   810   790-3383 _____
Country Prefix  Area Code  Telephone Number  Extension    Country Prefix  Area Code  Telephone Number  Extension
Permanent telephone number                    Mobile/cellular telephone number

JAWATKIN@SVSU.EDU
E-mail address

## College Information

SAGINAW VALLEY STATE UNIVERSITY _____ UNIVERSITY CITY _____ MI ___
College name                                College city                      State

For the academic period from 09 2007 to 05 2008    Anticipated graduation date 05 2010    Enrollment:  ☒ Full time  ☐ Half time  ☐ Less than half time
                            Month Year   Month Year                          Month Year

Grade Level
Undergraduate  ☐ Freshman  ☐ Sophomore  ☒ Junior  ☐ Senior  ☐ 5th Year and beyond  Graduate  ☐ 1st Year  ☐ 2nd Year  ☐ 3rd Year  ☐ Beyond 3rd Year

APPLICATION PAGE ONE    Continue to page two  ➔➔➔

Tuition Answer Loan Application and Promissory Note 2007-2008

## Loan Amount Requested

$ 40,000.00 _____ Amount may be from $1,500 up to $40,000, (depending on the type of school, and may not exceed the estimated cost of attendance).
The lender will add the supplemental fee to your requested loan amount. If anyone changes the loan amount, the borrower and cosigner must initial this field.

Anticipated use of Tuition Answer funds: (dollar allocation)    $ 20,000.00  Tuition, Fees, Room, Board    $ 20,000.00  Other Expenses
(paid directly to school)    (educational expenses not paid directly to the institution)

## Loan Options

Repayment options check one    ☐ Pay principal and interest while in school    ☐ Pay only interest while in school    ☒ Defer principal and interest while in school
If you do not make a choice, you will pay only interest while in school. Deferment of payments will result in higher fees. Loan repayment option may not be changed after disbursement.

## Signatures    All borrowers must sign below.

I understand that I am not required to fax my signature on this Application/Promissory Note to the Lender. If I choose to fax my signature on this Application/Promissory Note to the Lender, I intend: (i) my fax signature to be binding on me and to be an electronic signature under applicable federal and state law, (ii) the fax printout received by the Lender to be an original document, (iii) to conduct business with the Lender by electronic records and electronic signatures, and (iv) that this Application/Promissory Note will not be governed by Article 3 or Article 9 of the Uniform Commercial code.

Notice to CUSTOMER
(a) Do not sign this before you read the Promissory Note even if otherwise advised.
(b) Do not sign this if it contains any blank spaces.
(c) You are entitled to an exact copy of any agreement you sign.
(d) You have the right at any time to pay in advance the unpaid balance due under this agreement without penalty and you may be entitled to a partial refund of the finance charge.

I declare that the information provided above is true and complete to the best of my knowledge and belief. I have read and agree to the terms of the Promissory Note accompanying this application.

I, THE COSIGNER HAVE READ THE APPLICABLE COSIGNER NOTICE(S).

Promise to pay: Jointly and severally with the other signers below, I promise to pay the lender or any other holder of this loan all sums disbursed under the terms of the Promissory Note, plus interest and all other charges that may become due. The terms and conditions set forth in the Promissory Note constitute the entire agreement between us.

**CAUTION – IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.**

Borrower signature _____    Please print full name  Jason A Watkins    Date 6-12-07

Cosigner signature _____    Please print full name _____    Date _____

Lender use only

TA  SER    002314    1237611
Source code    School code    Pre-approval code

Sallie Mae Bank, Murray, UT    c/o Sallie Mae, 50 Braintree Hill Park, Suite 300, Braintree, MA 02184
Originating lender

Cosigner(s): Please read your state-specific notice, then, if applicable, sign, date and return it to:
Sallie Mae, Tuition Answer Loan Processing, P.O. Box 859243, Braintree, MA 02185.
Retain a copy for your records.

Wisconsin Borrower(s) and Cosigner(s): If you are married, your spouse must read the notice to married Wisconsin residents and sign, date and return it to:
Sallie Mae, Tuition Answer Loan Processing, P.O. Box 859243, Braintree, MA 02185.
Retain a copy for your records.

**APPLICATION PAGE THREE**

©2007 Sallie Mae
V07.05.01

Tuition Answer Loan Application and Promissory Note 2007-2008

## Reference Information  *Reference can be a relative, friend, co-worker, etc. who is not living with you. Student, borrower, or cosigner cannot be listed as a reference.*

*Reference 1:*

| GIDCUMB | KIRK | D | |
|---|---|---|---|
| Last name | First name | MI | Suffix (Jr., III) |

| 98 DEER LANE | | | 1 | 810 | 245-1097 | |
|---|---|---|---|---|---|---|
| Permanent street address (P.O. Boxes not accepted) | | Apt | Country Prefx | Area Code | Telephone Number | Extension |
| | | | | Permanent telephone number | | |

| LAPEER | MI | 48446 | US | FRIEND |
|---|---|---|---|---|
| City | State | Zip Code | Country Code | Relationship to borrower |

*Reference 2:*

| HOOVER | SARAH | E | |
|---|---|---|---|
| Last name | First name | MI | Suffix (Jr., III) |

| 4644 SANDHILL RD | | | 1 | 810 | 441-8386 | |
|---|---|---|---|---|---|---|
| Permanent street address (P.O. Boxes not accepted) | | Apt | Country Prefx | Area Code | Telephone Number | Extension |
| | | | | Permanent telephone number | | |

| ALMONT | MI | 48003 | US | FRIEND |
|---|---|---|---|---|
| City | State | Zip Code | Country Code | Relationship to borrower |

## Cosigner Information  *If no cosigner, leave this section blank.*

| | | | | |
|---|---|---|---|---|
| Last name | First name | MI | Suffix (Jr., III) | Social Security number |

| | | | | | | |
|---|---|---|---|---|---|---|
| Permanent street address (if your permanent street address is a P.O. Box, you must complete the physical street address section below.) | | | | Apt | Years at address | |

| | | | US | | |
|---|---|---|---|---|---|
| City | State | Zip Code | Country Code | Date of birth | Relationship to student |

| | | | | Apt |
|---|---|---|---|---|
| Physical street address (if different from permanent address) | | | | |

| | | | US | |
|---|---|---|---|---|
| City | State | Zip Code | Country Code | |

| | | | | | |
|---|---|---|---|---|---|
| Country Prefix | Area Code | Telephone Number | Extension | Country Prefix | Area Code | Telephone Number | Extension |
| Permanent telephone number | | | | Mobile/cellular telephone number | |

E-mail address

Name of employer

| Occupation | Years  Months at present employer | Country Prefix  Area Code  Telephone Number  Extension Work telephone number | $ Gross annual salary or retirement income (Documentation required, see page 2.) |
|---|---|---|---|

| How often paid? ☐ weekly ☐ bi-weekly ☐ twice monthly ☐ monthly | *Alimony, child support, or separate maintenance income need not be revealed if you do not wish to have it considered as a basis for repaying this loan.* | $ Additional income | Source of additional income |
|---|---|---|---|

Monthly payment amount

| $ | $ | |
|---|---|---|
| Rent | or  Mortgage | Name of mortgage holder |

## Cosigner Citizenship Information

☐ YES, I am a U.S. citizen  ☐ NO, I am not a U.S. citizen but I am an eligible permanent resident  ☐ NO, I am NOT a U.S. citizen or permanent resident  *(See page 1, Who is eligible for Tuition Answer?)*

©2007 Salle Mae
V07.05.01

Tuition Answer Loan Application and Promissory Note 2007-2008

# Promissory Note

See Subsection 8 of Section M below for important state law notices, including a Notice to Consumer for Iowa and Kansas residents and a Vermont Notice to Cosigner and Subsection 7 of Section M below for important federal law notices, including a federal Notice to Cosigner. See also an important Arbitration Agreement below, including a notice regarding the right to reject arbitration.

In this Promissory Note ("Note") the words "I", "me", "my", "mine" and "we" mean the borrower and the cosigner who signed the application, unless the language specifically refers to only one or the other. "You", "your" and "yours" mean the Lender as listed on page three of the application and any subsequent holder of this Note. "School" means the school named in the College Information section on page one of the application.

## A. PROMISE TO PAY

I promise to pay to your order according to the terms below the sum of: the Loan Amount Requested, to the extent it is advanced to me, or on my behalf, which includes the Supplemental Fee (together the "Loan Amount"); other interest, fees and charges accrued or Capitalized on the Loan Amount, as described in this Note; and, in the event of Default, as described in this Note, reasonable attorneys' fees, court costs and collection agency fees to the extent permitted by law.

## B. DEFINITIONS

1. Interim Period - If there is one (see Section D. Terms of Repayment), the "Interim Period" will begin on my Disbursement Date. My Interim Period will end on the earlier of:
a) 4 1/2 years after the Disbursement Date;
b) Six months after the student graduates from School; or
c) Six months after the student ceases to be enrolled in at least half-time study, unless the student re-enrolls in another school eligible for the Tuition Answer Loan program within that six-month period and also meets the enrollment requirements approved for that school.

2. Repayment Period - The "Repayment Period" will begin on the day after the Interim Period ends, or earlier if elected (see Section D. Terms of Repayment) and will continue until my loan is paid in full.

3. Capitalized Interest, Fees and Other Amounts - Interest, fees, charges and costs due and not yet paid may be added, without notice, to the principal amount of the loan, as provided in this Note. This addition is called "capitalizing" and such amounts are considered to be "Capitalized." **Since interest accrues on the outstanding principal balance, capitalizing increases the total cost of the loan.**

4. Default - You may declare my loan in default following an event described in Section K. Whole Loan Due except as follows:
– IDAHO, IOWA, KANSAS, MAINE and SOUTH CAROLINA RESIDENTS ONLY: I will be in default if I fail to make a payment as required by this Note (or within 10 days of the time required by this Note, for Iowa residents), or if the prospect of my payment or performance is significantly impaired (for Iowa residents, if, following an event described in Section K. Whole

Loan Due, the prospect of my payment is materially impaired). The burden of establishing the prospect of such impairment is on you.
– WISCONSIN RESIDENTS ONLY: I will be in default:
a) if I permit to be outstanding an amount exceeding one full payment which has remained unpaid for more than 10 days after its scheduled due date or deferred due date, or I fail to pay the first payment or the last payment within 40 days of its scheduled due date or deferred due date, or
b) if I fail to observe any other provision of this Note, the breach of which materially impairs my ability to pay the amounts due under the Note.

5. Disbursement Date –If my loan proceeds are disbursed by check, the date shown on the Loan check. If my loan proceeds are disbursed by automated clearing house (ACH) credit to a deposit account, the date the funds are sent to me. If my loan proceeds are disbursed by loading them on to a prepaid debit card, the date the card is sent to me.

6. Disclosure Statement - The Truth in Lending Disclosure that will be sent at the time of my disbursement and which is hereby incorporated into this Note.

7. Additional Terms - The terms "Interest", "Late Charge", "Supplemental Fees", "Payment Return Fee", "Forbearance Fee", "Collection Costs", "Variable Rate", "Index", "Prime Rate", and "Margin" are defined in the Note Sections and paragraphs so titled.

## C. INTEREST

1. Accrual of Interest – Interest on this Note will accrue at the Variable Rate described in paragraph 2 beginning on the Disbursement Date, on the principal balance advanced and Capitalized Interest, Fees and Other Amounts, until the principal balance and all accrued interest are paid in full.

2. Variable Rate - I will pay interest at a Variable Rate equal to the Index plus or minus the percentage identified on my Disclosure Statement (the "Margin"), rounded to the nearest one-fourth of one percent (0.25%). The Index will be determined monthly on the next to the last New York business day before the end of the prior month. Any change to my Variable Rate will take effect on the first of the month. The Index is the highest U.S. Prime Rate as published in *The Wall Street Journal* under the "Money Rates" section, or any successor section or table for the purposes of displaying such rate.
A New York business day is defined as any day that is not a Saturday, Sunday, holiday or other day on which banking institutions in New York are authorized or ordered to close by law or executive order. For example, the Index for January will be determined on the preceding December 30th if both the 30th and 31st are New York business days.

3. Substitute Index - If *The Wall Street Journal* is not published on the date to be used for the Index, then the Index will be determined by using the immediately preceding published U.S. Prime Rate. If the Index ceases to be available, you will choose a comparable substitute.

4. Interest after Default - I will pay interest after Default at a rate equal to the Variable Rate for this loan plus up to 6.5%.

5. Capitalization - Unpaid accrued interest will be Capitalized as follows. If I defer principal and interest payments while the stu-

4

dent is in school, receive an In School Deferment, or receive a Hardship or Other Forbearance, then during that period unpaid accrued interest will be Capitalized quarterly and, as applicable, at the start of my Repayment Period, at the end of any In School Deferment, and at the end of any Forbearance Period. Statements that show the unpaid accrued interest on this loan will be sent to the borrower on at least a quarterly basis and to the cosigner on at least an annual basis. Information about the unpaid accrued interest on this loan will also be available online at www.manageyourloans.com.

### D. TERMS OF REPAYMENT

1. Payment Due Date, Payment in U.S. Dollars, Statements - My loan payments are due on the date specified by you. All payments must be made in U.S. dollars at the address specified by you. You will send me statements showing the payment due dates and the amounts of my monthly payments based on my repayment election and the repayment schedule for my loan, as provided in this Section D.

2. Repayment Election: Pay Principal and Interest While In School - If I elected to pay principal and interest while the student is in school, I agree to repay this loan in consecutive monthly payments of principal and interest beginning within 45 days from the Disbursement Date. There is no Interim Period and the Repayment Period begins immediately.

3. Repayment Election: Pay Only Interest While In School - If I elected to pay only interest while the student is in school or if I did not make a choice, I will pay only interest on my loan during my Interim Period. If the Variable Rate changes during the Interim Period, my monthly payment amount will change. My new payment amount will be shown on my monthly statement. I must begin to pay principal and interest in consecutive monthly installments at the beginning of my Repayment Period.

4. Repayment Election: Defer Principal and Interest While In School - If I elected to defer principal and interest payments while the student is in school, I agree to repay this loan in consecutive monthly installments of principal and interest starting at the beginning of my Repayment Period. Interest that accrues on my loan will be Capitalized as provided in paragraph 5 of Section C.

5. Initial Principal Repayment Period - I agree to repay my loan within the initial principal repayment period, which begins at the start of my Repayment Period and includes any interest-only payment period during that time (see paragraph 7 of this Section). The initial principal repayment period is based on the principal amount of my loan at the start of my Repayment Period, including all Supplemental Fees and interest capitalized at that time, and is determined as follows:

Principal amount/Initial principal repayment period
$500 to $2,999/up to 4 years (see paragraph 10 of this Section)
$3,000 to $3,999/6 years
$4,000 to $7,499/10 years
$7,500 to $9,999/15 years
$10,000 to $39,999/20 years
$40,000 to $59,999/25 years
$60,000 and above/30 years

6. Maximum Repayment Period and Payment Amount - The maximum Repayment Period is 30 years. If the Variable Rate changes, my monthly payment amount will stay the same, but I will be required to make more or fewer payments than would

otherwise be required. If the Variable Rate increases so that my monthly payment is not enough to pay my principal and interest within 30 years or within twice the initial principal repayment period, whichever is less, you will increase my monthly payment to an amount that will do so.

7. Interest-Only Payments, Other Repayment Options - After the Interim Period begins, I may ask to make interest-only payments for the first 48 months of the Repayment Period, or to exercise another repayment option, if available. If I wish to do so, I will notify you in writing. If you agree, you will notify me in writing of my new repayment terms. If the interest rate changes during the Interest-Only portion of the Repayment Period, my monthly payment amounts will change as provided in paragraph 3 of this Section.

8. Consecutive Monthly Payments - I will make consecutive monthly payments during the Repayment Period in the amounts, and on or before the payment due dates, shown on my statements until I have paid all of the principal and interest and other fees, charges, and costs I may owe under this Note.

9. Amounts Owing at the End of the Repayment Period - Since interest accrues daily upon the unpaid principal balance of my loan, if I make payments after my payment due dates, I may owe additional principal and interest, fees and charges at the end of the Repayment Period. In such case, I shall pay the additional amounts, and you may, but are not required to, lengthen the Repayment Period.

10. Minimum Payment - Notwithstanding any other paragraphs of this Section, I agree to pay at least $50 per month, or the unpaid balance, whichever is less, on all my Tuition Answer Loans combined.

11. Application of Payments - Payments will be applied first to applicable fees, charges, and costs then to accrued interest; and the remainder to principal (including Capitalized Interest) as permitted by applicable law. Payments in excess of the amount due will advance the next payment due date by the number of whole payments satisfied by the extra funds. (For example, if my monthly payment amount is $100, I am not delinquent and I pay $400 for the month of January, my next payment due date will be May.)

12. Payment in Full - If I wish to make a payment in satisfaction of a disputed amount or balance, I must send it to P.O. Box 3800, Wilkes-Barre, PA 18773-3800 with a letter of explanation. To the extent permitted by law, you may accept late payments, partial payments, or payments marked "payment in full" or having similar language, without waiving your rights under this Note.

### E. DEFERMENT AND DEFERMENT FEES, FORBEARANCE AND FORBEARANCE FEES

1. In School Deferment - If after the beginning of the Repayment Period the student returns to a school that is eligible for the Tuition Answer Loan Program, I may request and you, at your sole discretion, may grant, an In School Deferment under which I may defer regularly scheduled payments. Even if I do not request an In School Deferment, if you are notified that the student has returned to a school that is eligible for the Tuition Answer Loan Program, you, at your sole discretion, may grant an In School Deferment. I understand that no fee is assessed for an In School Deferment. You will capitalize unpaid accrued interest as provided in paragraph 5 of Section C.

2. Hardship or Other Forbearance - I may request and you, at your sole discretion, may grant me a Forbearance under which I may defer regularly scheduled payments after the beginning of the Repayment Period. If I request such Forbearance, I agree to pay a Forbearance Fee, even if the Forbearance is not granted. The Forbearance Fee will be disclosed to me prior to the Forbearance Fee being assessed. You will capitalize unpaid accrued interest as provided in paragraph 5 of Section C.

## F. LATE CHARGES
I will pay a Late Charge if I fail to make any part of an installment payment within 15 days after it becomes due. The amount of the Late Charge will be identified on my Disclosure.

## G. SUPPLEMENTAL FEE
1. Supplemental Fee at Disbursement - You may charge me a Supplemental Fee, and add it to the Loan Amount, at disbursement of my loan. The amount of the Supplemental Fee, if charged, will be included in the amount identified on my Disclosure Statement as the Supplemental Fee paid (prepaid finance charge) and will be a percentage of the principal balance of my loan.
2. When Earned - I understand and agree that the Supplemental Fee, if any, is earned when assessed, is due even if the amounts on which it is assessed are later refunded, and is not subject to rebate if I prepay my loan.

## H. PAYMENT RETURN FEE
If I make a payment and that payment is returned or refused by my bank for any reason, I agree to pay a charge of up to $20.00 for each payment so returned.  Such Payment Return Fee may be Capitalized.

## I. CHARGES FOR OPTIONAL SERVICES
If I request and you agree to provide optional services to me in connection with my loan, you may charge me and I agree to pay the fees for such services. The fee will be disclosed to me before I accept any such service and will not exceed the amount then set by the Lender for such service. Optional services may include, but are not limited to: (1) allowing me to make an expedited payment on my loan; and (2) sending documents to me by express delivery or facsimile transmission.

## J. RIGHT TO PREPAY
I have the right to prepay all or any part of my loan at any time without penalty.  If I prepay my loan I am not entitled to a refund of any finance charge.

## K. WHOLE LOAN DUE
Subject to applicable law, and the requirements of Section B.4 above, you have the right to give me notice that the whole outstanding principal balance, accrued interest, and all other amounts payable to you under the terms of this Note are due and payable at once and to cease to make any further disbursements to me, if:
1. I fail to make any payment to you when due; or
2. I fail to provide a notice required in paragraph 2 of Section M. on time; or
3. I break any of my other promises in this Note; or
4. Any bankruptcy proceeding is begun by or against me or I assign any of my assets to or for the benefit of my creditors and such proceeding has not been dismissed within 60 days;

or
5. I make any false written statement in applying for this loan or at any time during the Interim Period or Repayment Period; or
6. I die or any cosigner dies; or
7. I am in default on any loans I may already have with you, or on any loans I may have with you in the future.
If any of the listed events occur, I will be required to pay interest on this loan accruing afterwards at the Variable Rate (see paragraph 2 of Section C) applicable to this loan prior to such event. The Variable Rate will be subject to adjustment in the same manner as before.

## L. COLLECTION COSTS
Unless prohibited by applicable law, I agree to pay you all amounts, including reasonable attorneys' fees, and collection agency, court and other collection costs that you incur in enforcing the terms of this Note (collectively, "Collection Costs"). The Collection Costs that I agree to pay also include fees and costs incurred in connection with any appellate or bankruptcy proceedings.

## M. NOTICES
1. Joint and Several Liability - Each borrower and cosigner is jointly and severally responsible for repaying the full amount owed under this Note.
2. Change in Information - I will send written notice to you, or any subsequent holder of this Note, within 10 days after any change in my name, address, telephone number or School enrollment status.
3. Communications and Notices from You - Any communication between you and any borrower or cosigner will be binding on the borrower and cosigner. Any notice required to be given to me by you will be effective when mailed to the latest address you have for me.
4. Reports to Credit Bureaus - **You may report the status of this loan to the School and to any credit bureaus. Late payments, missed payments, or other defaults on my account may be reflected in my credit bureau report.**
5. Not Negotiable - This is a non-negotiable consumer note.
6. Not Dischargeable - **This loan may not be dischargeable in bankruptcy.**
7. Federal Notices - I understand that the following notice is required by law when a new account is opened.

---

**IMPORTANT INFORMATION ABOUT PROCEDURES FOR OPENING A NEW ACCOUNT**
To help the government fight the funding of terrorism and money laundering activities, Federal law requires all financial institutions to obtain, verify, and record information that identifies each person who opens an account.

What this means for me: When I apply for a student loan, you will ask for my name, address, date of birth, and other information that will allow you to identify me.  You may also ask to see my driver's license or other identifying documents.

---

I understand that the following notice is also required by federal law and that for purposes of this notice, the words "you" and "yours" mean the cosigner who signed the application.

**NOTICE TO COSIGNER:**
You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to, and that you want to accept this responsibility.

You may have to pay up to the full amount of the debt if the borrower does not pay. You may also have to pay late fees or collection costs, which increase this amount.

The lender can collect this debt from you without first trying to collect from the borrower. The lender can use the same collection methods against you that can be used against the borrower, such as suing you, garnishing your wages, etc. If this debt is ever in default, that fact may become a part of your credit record.

This notice is not the contract that makes you liable for the debt.

I understand that the following notice is permitted by federal law and that for purposes of this notice, the word "we" means the Lender, its agents and any subsequent holder of this Note and the word "you" means the borrower and cosigner.

**NOTICE:**
If you believe that any information about your loan that we have reported to a credit bureau is inaccurate, write to us at P.O. Box 9500 Wilkes Barre, PA 18706-9700.

8. State-specific notices: I understand that the following notices are required by or are necessary under state law and that these notices may not describe all of the rights that I have under state or federal law. Unless otherwise indicated, each notice applies to the borrower and cosigner who live in the indicated state on the date that they signed the application and to the borrower and cosigner who are residents of that state.

– CALIFORNIA RESIDENTS ONLY: A married applicant may apply for a separate account.
– CALIFORNIA and UTAH RESIDENTS ONLY: As required by California and Utah law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations.
– IOWA and KANSAS RESIDENTS ONLY: For purposes of this notice, the word "you" means the borrower and cosigner(s). NOTICE TO CONSUMER 1. Do not sign this paper before you read it. 2. You are entitled to a copy of this paper. 3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with law.
– MARYLAND RESIDENTS ONLY: You elect to make this loan pursuant to Subtitle 10 (Credit Grantor Closed End Credit provisions) of Title 12 of the Maryland Commercial Law Article only to the extent that such provisions are not inconsistent with your authority under federal law (12 U.S.C. § 85, §1463(g), or §1831d, as appropriate) and related regulations and interpretations, which authority you expressly reserve.

– MASSACHUSETTS RESIDENTS ONLY: Massachusetts law prohibits discrimination based upon marital status or sexual orientation.
– MISSOURI RESIDENTS ONLY: ORAL AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR FORBEAR FROM ENFORCING REPAYMENT OF DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCEABLE. TO PROTECT YOU (BORROWER(S)) AND US (CREDITOR) FROM MISUNDERSTANDING OR DISAPPOINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THE AGREEMENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT.
– NEVADA RESIDENTS ONLY: This is a loan for study.
– NEW JERSEY RESIDENTS ONLY: The section headings of the Note are a table of contents and not contract terms. Portions of this Note with references to actions taken to the extent of applicable law apply to acts or practices that New Jersey law permits or requires. In this Note, acts or practices (i) by you which are or may be permitted by "applicable law" are permitted by New Jersey law, and (ii) that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law.
– NEW YORK, RHODE ISLAND and VERMONT RESIDENTS ONLY: I understand and agree that you may obtain a consumer credit report in connection with this application and in connection with any updates, renewals or extensions of any credit as a result of this application. If I ask, I will be informed whether or not such a report was obtained and, if so, the name and address of the agency that furnished the report. I also understand and agree that you may obtain a consumer credit report in connection with the review or collection of any loan made to me as a result of this application or for other legitimate purposes related to such loans.
– OHIO RESIDENTS ONLY: The Ohio laws against discrimination require that all creditors make credit equally available to all creditworthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law.
– UTAH RESIDENTS ONLY: This Note is the final expression of the agreement between me and you and it may not be contradicted by evidence of an alleged oral agreement.
– VERMONT RESIDENTS ONLY: For purposes of this notice, the word "you" means the cosigner(s). NOTICE TO COSIGNER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.
– WISCONSIN RESIDENTS ONLY: If I am a married Wisconsin resident: (1) My signature confirms that this loan obligation is being incurred in the interest of my marriage or family. (2) No provision of any marital property agreement, unilateral statement under §766.59 of the Wisconsin Statutes or court decree under §766.70 adversely affects your interest unless, prior to the time that the loan is approved, you are furnished with a copy of the marital property agreement, statement, or decree or have actual knowledge of the adverse provision. (3) My spouse has actual knowledge that this credit

is being extended to me and has waived the requirements of Wisconsin Statute §766.56(3)(b), as acknowledged by his or her signature on the Notice to Married Wisconsin Residents that I received with this Note.

9. Notice to Borrowers of Available Financing Options Under Title IV of the Federal Higher Education Act - Title IV of the Federal Higher Education Act of 1965, as amended (20 U.S.C. 1001 et seq.), provides borrowers with federal financial aid options to pay for or finance their higher education expenses. Usually, the terms of loans available under these federal programs are more advantageous to the borrower than the terms available under private loan programs. Borrowers should therefore maximize their use of these federal loan programs before obtaining private loans. All borrowers are advised to discuss federal financing options and programs and their potential eligibility with their school before applying for a private student loan. Not all federal financing options are available to all borrowers, and loan amounts available to borrowers may vary based upon the year in school and the amounts previously borrowed. For further information on federal financial aid options, visit the U.S. Department of Education website at www.ed.gov. Financing options under Title IV of the Federal Higher Education Act include the following options below, as of August 31, 2007. Borrowers are urged to contact their schools to determine whether these financing options have since been modified.

  (A) Grants–Financial aid that does not need to be repaid.
  (B) Federal Work-Study Programs
  (C) The Federal Family Education Loan Program (FFELP)
    FFELP loans include the following loans below. Federal loan fees may apply. Consult with your school's financial aid office and your FFELP lender for more information.
    – Subsidized Federal Stafford Loan
      • Fixed interest rate of 6.8%
      • 6-month grace period following at least half-time enrollment
      • Deferment and forbearance options
      • Interest subsidized by the government during in-school, grace, and deferment periods
      • 10-year repayment plan
    – Unsubsidized Federal Stafford Loan
      • Fixed interest rate of 6.8%
      • 6-month grace period following at least half-time enrollment
      • Deferment and forbearance options
      • 10-year repayment plan
    – Federal PLUS Loan
      • Fixed interest rate of 8.5%
      • Deferment and forbearance options
      • 10-year repayment plan
    – Federal Consolidation Loan
      • Interest rate based on the lesser of the weighted average of the interest rates on the loans consolidated, rounded up to the nearest one-eighth of 1 percent, or 8.25%
      • Deferment and forbearance options
      • Repayment period based on the amount of the Consolidation Loan

  (D) William D. Ford Federal Direct Loan Program
    The Federal Direct Loan Program includes the following loans below. Federal loan fees may apply. Consult with your school's financial aid office and the U.S. Department of Education for more information.
    – Federal Direct Stafford Loan
      • Fixed interest rate of 6.8%
      • 6-month grace period following at least half-time enrollment
      • Deferment and forbearance options
      • Interest subsidized by the government during in-school, grace, and deferment periods
      • 10-year repayment plan
    – Federal Direct Unsubsidized Stafford Loan
      • Fixed interest rate of 6.8%
      • 6-month grace period following at least half-time enrollment
      • Deferment and forbearance options
      • 10-year repayment plan
    – Federal Direct PLUS Loan
      • Fixed interest rate of 7.9%
      • Deferment and forbearance options
      • 10-year repayment plan
    – Federal Direct Consolidation Loan
      • Interest rate based on the lesser of the weighted average of the interest rates on the loans consolidated, rounded up to the nearest one-eighth of 1 percent, or 8.25%
      • Deferment and forbearance options
      • Repayment period based on the amount of the Consolidation Loan
  (E) Federal Perkins Loans
      • Fixed interest rate of 5%
      • 9-month grace period following at least half-time enrollment
      • Deferment and forbearance options, with a 6-month grace period following deferment
      • Interest does not accrue during in-school, grace, and deferment periods
      • 10-year repayment plan
      • Origination fees do not apply

10. Notice to Borrowers Regarding Availability of Borrower Benefits - I understand that my student loans may be sold while the loans are outstanding. Such a sale will not result in any change to the loan terms or the loss of any advertised borrower benefits, which will continue subject to their original terms and conditions. However, student loan terms and advertised borrower benefits may change if I choose to consolidate my loans.

N. WHEN BOUND; RIGHTS TO CANCEL

1. When Bound - I understand that when you accept the attached application, you are not agreeing to lend me money and I am not bound by these credit terms, and there will be no such agreement until the later of the time the disbursement of the loan is made or my right to cancel in paragraph 2 of this section has expired.

2. My Right to Cancel this Note - Upon receipt of the Disclosure, I will review it and if I am not satisfied with the terms of my loan as approved, I may cancel this Note and

my disbursement. To cancel this Note, I will call you at 1-800-749-9100 within 5 business days of the date of the Disclosure and I will not cash any loan check, access (or allow anyone else to access) any loan proceeds sent by ACH credit to a deposit account, or use (or allow anyone else to use) any prepaid debit card on which the funds were loaded. If I received loan proceeds by ACH credit or by prepaid debit card, I will follow your instructions regarding the return of the funds. If I received loan proceeds by prepaid debit card, I will follow your instructions regarding the return or disposition of the card.

3. Your Right to Cancel this Note - I agree that you may cancel this Note and my disbursement without advance notice to me if

a) the Disclosure is returned as undeliverable, for any reason,

b) in your sole discretion, whether based on information provided by the School or otherwise, you reasonably conclude that the student will not attend the School or that the proceeds of the loan are no longer needed to meet the education costs of the student.

c) the student ceases to be enrolled at least half time, or

d) the School ceases to be eligible to participate in the Tuition Answer Loan Program. The reasons that the school may cease to be eligible to participate include, but are not limited to, voluntary agreement with you to that effect, loss of eligibility to participate in one or more federally guaranteed student loan programs, and a default rate on federally guaranteed student loans, sometimes referred to as a "cohort default rate," deemed by you, in your sole discretion, to be excessive. I may go to https://tuitionanswer.salliemae.com/TA/welcome.asp to determine whether my School participates at the time I access this web page.

## O. ADDITIONAL AGREEMENTS

1. Amount Lent - You have the right to lend an amount less than the Loan Amount Requested.

2. Rights of Assignee of Lender - You have the right to assign this Note at any time. If this Note is assigned, the assignee will become the owner of this Note and will have all your rights to enforce this Note against me.

3. Governing Law - I understand that the lender is located in the State of Utah and this Note will be entered into in the same State. Consequently, the provisions of this Note will be governed by federal laws and the laws of that State to the extent not preempted, without regard to conflict of laws rules.

4. Conflict Between Disclosure and Note - I understand and agree that if the information in my Disclosure Statement conflicts with the information in this Note, the information in the Disclosure Statement shall apply with respect to items required to be disclosed under federal law.

5. Failure to Receive Statement - My failure to receive a statement does not relieve me of my obligation to make my required loan payments in accordance with the terms and conditions of this Note.

6. Waivers by Borrower and Cosigner; Consents; Responsibility for Repayment - I waive any notice of dishonor, notice of protest,

presentment, demand for payment, and all other notices or demands in connection with this Note. I consent to the addition of a party who will be liable upon this loan or any other loans I have outstanding under the program, to any and all extensions, renewals, or releases of any party liable upon this loan or any other loans I have outstanding under the program, and to any waiver or modification that may be granted by you, all without affecting or releasing any borrower or cosigner from such loans. My responsibility for repaying this loan is not affected by the liability of any other person to you or by your failure to notify me that a payment has not been made.

7. Severability - If any provision of this Note is held invalid or unenforceable, that provision shall be considered omitted from this Note without affecting the validity or enforceability of the remainder of this Note.

8. Modification - Any provision of this Note may be modified if jointly agreed upon in writing by you and any borrower or cosigner. Any such modification does not require the consent of any other borrower or cosigner and will not affect the validity or enforceability of the remainder of this Note.

9. Communications Under Federal Bankruptcy Code - Any communication with you required or permitted under the Federal Bankruptcy Code must be in writing, must include my account number, and must be sent to Sallie Mae P.O. Box 9400, Wilkes-Barre, PA 18773-9400.

10. Receipt of Copy of Note - I acknowledge that I have received a true and exact copy of this Note.

11. No Assignment by Borrower or Cosigner; Estate Bound - I may not assign this Note or any of its benefits or obligations. The obligations of this Note will be binding on my estate.

12. Waivers by You - By accepting past due payments you do not waive or affect any right to accelerate this Note. Your failure to exercise any right hereunder does not constitute a waiver thereof. All waivers must be in writing.

13. Suretyship - I hereby waive all my defenses to this Note based on suretyship.

14. Use of Automated Telephone Dialing Equipment; Calls to Cellular Telephones - I consent to your use of automated telephone dialing equipment or an artificial or pre-recorded voice message to contact me in connection with this loan or loan application. You may contact me at any telephone number I provide in this application, even if that number is a cellular telephone number.

15. Limits on Interest, Fees, Charges, or Costs - If a law which applies to this loan and which sets maximum limits on interest, fees, charges, or costs is finally interpreted so that the interest, fees, charges, or costs collected or to be collected in connection with this loan exceed permitted limits, then:

a) any such interest, fees, charges, or costs shall be reduced by the amount necessary to comply with the permitted limits; and

b) any sums already collected from me which exceed permitted limits will be refunded to me. You may choose to make this refund by reducing the amounts I owe under this Note.

16. Photocopy, Facsimile, Electronic or Other Copy - A photocopy, facsimile, electronic or other copy of the Disclosure Statement, this Note or any Cosigner Notice shall have the same effect for all purposes as the original and a photocopy, facsimile, electronic or other copy of my signature on the Disclosure Statement, this Note or any Cosigner Notice shall be binding on me.

## P. CERTIFICATIONS, AUTHORIZATIONS AND CONSENT TO INFORMATION SHARING

1. Certification - I certify that the information contained in the application is true, complete and correct to the best of my knowledge and belief and is made in good faith, that I am eligible for this loan and that I will repay it according to the terms of this Note. I understand and agree that my Lender is listed on the attached application. To transmit the proceeds of my loan to me, at my election, you may issue a check payable to me, you may transmit the loan proceeds by ACH credit to the deposit account that I have designated for that purpose, or you may load the proceeds of my loan onto a prepaid debit card that you will send to me. I understand that if I elect to receive a prepaid debit card, my use of the debit card will be governed by a separate agreement. I also understand that, except as otherwise provided herein, neither the student's failure to complete the educational program that he or she has undertaken, nor the student's dissatisfaction with the educational program that he or she has undertaken, relieves me of any obligation under this Note.

2. Authorization - I authorize the School and any custodi-an of the School's records to release to you, the U.S. Department of Education, the guarantor, if any, or their agents, any requested information pertinent to this loan (e.g., employment, enrollment status, current address) and to advise you whether I am eligible for a future loan. I authorize you, your agents, and the guarantor or its agents, if any, to check my credit and employment history for this loan, or any future loans that may be offered to me, for any updates, renewals or extensions of this loan or any future loans that may be offered to me, and for any review or collection of this loan or any future loans that may be offered to me. I also authorize you, your agents, and the guarantor or its agents, if any, to answer ques-tions about your and their credit experience with me, and to release the results of the credit review process to the School or its agents. I further authorize you to release any other information on this loan to the School or its agents, to other schools I have attended for which I have taken out a student loan or their agents, to any subse-quent holder of this Note, or its agents, and to the guar-antor or its agents, if any.

3. Borrower and Cosigner Consent to Information Sharing - I consent to the sharing of any information about this loan with my parent, guardian, child, spouse or sibling who complies with your procedures unless I revoke this consent or unless prohibited by law. I understand that I may revoke this consent by contacting the servicer at 1-888-2SALLIE or P.O. Box 9500, Wilkes-Barre, PA 18773-9500.

4. What I Have Read - I also certify that: I have read the materi-als explaining the loan program that have been provided to me; I have read, understand and agree to the provisions of the pro-gram, my responsibilities and my rights under this program, the terms of this Note and this "Certification and Consent to Information Sharing".

## Q. CORRECTION OF ERRORS

All parties to this Note agree to fully cooperate and adjust all typographical, computer, calculation or clerical errors discovered in any or all of the loan documents including the Application, this Note, the Disclosure Statement, and any applicable cosigner notices or spousal notices. In the event this procedure is used, all parties involved will be notified and receive a corrected copy of the changed document.

## R. BORROWER/COSIGNER RELEASE

1. Release of Cosigner - I agree that, if a cosigner applicant fails to qualify for this loan, but you approve the application on the basis of the creditworthiness of the borrower and any other cosigner applicant, as applicable, then you may release said cosigner applicant from liability hereunder, but this Note will still bind the borrower and any remaining cosigner, as applicable.

## S. ARBITRATION AGREEMENT

To the extent permitted under federal law, you and I agree that either party may elect to arbitrate - and require the other party to arbitrate - any Claim under the following terms and conditions. This Arbitration Agreement is part of the Tuition Answer Loan Promissory Note ("Note").

1. RIGHT TO REJECT - I may reject this Arbitration Agreement by mailing a rejection notice to P.O. Box 147027 Gainesville, FL 32608 within 60 days after the date of my first disbursement. Any Rejection Notice must include my name, address, telephone number and loan or account number.

2. IMPORTANT WAIVERS AND WARNING - If you or I elect to arbitrate a Claim, you and I both waive the right to: (1) have a court or a jury decide the Claim; (2) PARTICIPATE IN A CLASS ACTION IN COURT OR IN ARBITRATION, WHETHER AS A CLASS REPRESENTATIVE CLASS MEMBER OR OTHERWISE, OR ACT AS A PRIVATE ATTORNEY GENERAL IN COURT OR IN ARBITRATION (THE "CLASS ACTION WAIVER"); (3) join or consolidate Claim(s) with claims involving any other person; or (4) obtain information except as provided herein. Other rights are more limited in arbitration than in court or are not available in arbitration.

3. DEFINITIONS - In this Arbitration Agreement, the following definitions will apply:

"I," "me" and "my" mean each and every Borrower and Cosigner on the Note; the Student on whose behalf the pro-ceeds of the Note have been advanced; and the heirs, executors and assigns of any of the foregoing. "You," "your" and "yours" mean the Lender; any other subsequent holder of this note: Sallie Mae, Inc.; SLM Financial Corporation; all of their parents, wholly or majority owned subsidiaries and affiliates; any prede-cessors, and successors of these entities; and all officers, direc-tors and employees thereof. It also includes any party named as a co-defendant with you in a Claim asserted by me, such as investors or potential investors, credit bureaus, credit insurance companies, closing agents, escrow agents, insurance agents, loan originators, rating agencies, loan servicers, debt collectors, loan guarantors, performance bond trustees, tuition recovery funds, the School, and any of the School's financial aid offices or officers. "Administrator" means, as applicable, the American Arbitration Association, 335 Madison Avenue, New York, NY 10017, www.adr.org, (800) 778-7879, or the National Arbitration Forum, P.O. Box 50191, Minneapolis, MN 55405, www.arb-forum.com, (800) 474-2371, provided that the Administrator must not have in place a formal or informal policy

that is inconsistent with and purports to override the terms of this Arbitration Agreement. The party bringing a Claim selects the Administrator. You expect to routinely select national Arbitration Forum for collection actions you bring.

4. "**Claim**" means any legal claim, dispute or controversy between you and me that arises from or relates in any way to the Note, including any dispute arising before the date of this Arbitration Agreement and any dispute relating to: (1) fees, charges, or other provisions of the Note; (2) any application, disclosure or other document relating in any way to the Note or the transactions evidenced by the Note; (3) any insurance or other service or product offered or made available by or through you in connection with the Note, and any associated fees or charges; and (4) any documents, instruments, advertising or promotional materials that contain information about the Note or any associated insurance or other service or product. This includes, without limitation, disputes concerning the validity, enforceability, arbitrability or scope of this Arbitration Agreement or the Note; disputes involving alleged fraud or misrepresentation, breach of contract, negligence or violation of statute, regulation or common law; and disputes involving requests for injunctions or other equitable relief. However, "Claim" does not include any individual action brought by me in small claims court or my state's equivalent court, unless such action is transferred, removed, or appealed to a different court. Also, "Claim" **does not include any challenge to the validity and effect of the Class Action Waiver, which must be decided by a court.**

5. STARTING AN ARBITRATION - To initiate an arbitration, you or I must give written notice of an election to arbitrate. This notice may be given after a lawsuit has been filed and may be given in papers or motions in the lawsuit. If such a notice is given, the Claim shall be resolved by arbitration under this Arbitration Agreement and the applicable rules of the Administrator then in effect. The arbitrator will be selected under the Administrator's rules, except that the arbitrator must be a lawyer with at least ten years of experience or a retired judge, unless you and I agree otherwise.

6. LOCATION AND COSTS - Any arbitration hearing that I attend will take place in a location that is reasonably convenient to me. You will consider (and generally honor) any good faith request to bear the fees charged by the Administrator and the arbitrator. Each party must pay the expense of that party's attorneys, experts and witnesses, regardless of which party prevails in the arbitration. Despite the foregoing, you will pay any fees you are required to bear; (1) under applicable law; or (2) in order to enforce this Arbitration Agreement.

7. DISCOVERY: GETTING INFORMATION - Either party may obtain from the other party prior to the hearing any information available under the Administrator's rules or any information the arbitrator determines should be made available.

8. EFFECT OF ARBITRATION AWARD - Any court with jurisdiction may enter judgment upon the arbitrator's award. The arbitrator's award will be final and binding, except for: (1) any appeal right under the Federal Arbitration Act, 9 U.S.C. §§1 et seq. (the "FAA"); and (2) Claims involving more than $50,000. For Claims involving more than $50,000, any party may appeal the award to a three-arbitrator panel appointed by the Administrator, which will reconsider de novo any aspect of the initial award that is appealed. The panel's decision will be final and binding, except for any appeal right under the FAA. Except as provided above,

the appealing party will pay the Administrator's and arbitrator's costs of the appeal.

9. GOVERNING LAW - This Arbitration Agreement is made pursuant to a transaction involving interstate commerce and shall be governed by the FAA, and not by any state law concerning arbitration. The arbitrator shall follow applicable substantive law to the extent consistent with the FAA, applicable statutes of limitation and applicable privilege rules, and shall be authorized to award all remedies permitted by applicable substantive law, including, without limitation, compensatory, statutory and punitive damages (subject to constitutional limits that would apply in court), declaratory, injunctive and other equitable relief, and attorneys' fees and costs. Upon the timely request of either party, the arbitrator shall write a brief explanation of the basis of his or her award. The arbitrator will follow rules of procedure and evidence consistent with the FAA, this Arbitration Agreement and the Administrator's rules.

10. SURVIVAL, SEVERABILITY, PRIMACY - This Arbitration Agreement shall survive my full payment of the Note; your sale or transfer of the Note; any legal proceeding to collect a debt owed by me; any bankruptcy or insolvency; any Forbearance or Modification granted pursuant to the Note; any cancellation, or request for cancellation, of the Note or of any or all disbursements under the Note; And any change in the School enrollment status of the Student. If any portion of this Arbitration Agreement cannot be enforced, the rest of the Arbitration Agreement will continue to apply, provided that the entire Arbitration Agreement shall be null and void if the Class Action Waiver is held to be invalid regarding any class or representative Claim, subject to any right to appeal such holding. In the event of any conflict or inconsistency between this Arbitration Agreement and the Administrator's rules or the Note, this Arbitration Agreement will govern.

9:14:01  Friday, March 05, 2010

```
CLASS-111-ACCT BALANCE, AMT DUE, SCHOOL DATA------------- LSC/F        03/05/10
>NXT SCR 111 SSN ___ __ ___ - PG __ OWN _____ ST __ GU __ LN __ DT ___ __ __
SSN        0 1   LOANS 03      PROG ES   STATUS RPMT    GUAR 1G   OWNER 440400
NAME(FML) JASON      A  WATKINS        DOB 04 02 87    OWNER SLM PRIV CRDT
ADDR 255 N ALMONT AVE                  H PH 810 724 2091  BRNCH ID 4401
CITY IMLAY CITY      ST MI    ZIP 48444 1004 W PH ___ ___ ____  DFR INT CD  E
ADDR IND  D      RELEASE INFO  Y LANG                   INT RATE          08.250
VALID ADDR  Y    COS N COM N      AMT OUT    27,993.38  TOT DSB $     23,770.95
COBORR IND       NLMA PAYOFF  _ PRIN SUB          .00  PRIN PD             .00
SEP DATE  05/03/08  GRACE 06     PRIN NSUB    23,770.95  BR INT PD          .00
SCHOOL   002314   MCS            CAP INT     4,222.43  BR INT YTD           .00
SAGINAW VALLEY STATE UNIVERSIT   ACC BORR INT 2,747.58  BR INT PYR          .00
CLHSE  Y *DELQ*                  ANTICPD PIF DT 01/25/29  10-DAY PIF   38,257.05
                                 LATE CHG AMT     61.63  OTHER CHGS    7,391.23
PRESENT AMT DUE   2,898.30  PMT DUE DT    03/25/10  LAST BR PMT RECVD       .00
FEES ACCRUED          Y   SCH PMT AMT       193.22  AMT OF LST BR PMT       .00
AMT DELINQUENT    2,705.08  1ST PMT DUE   01/25/09  SCHED TERM              240
DAYS DELINQUENT       404   RPMT BEG DT   11/04/08  MAX PAYOFF DT     11/25/23
DELINQUENCY DT   01/25/09  COUP GEN DT   10/26/08  ACTUAL PAYOFF DT
CORRESPONDENCE ENTRY        CPP      CNSL IND              LETTER REQUEST ____
  DATE   SOURCE                           MESSAGE
 030510  E18351 ____                                             CONT _
I001 PREVIOUS SCREEN PROCESSED SUCCESSFULLY
PF5=BORR ACTV(112).PF6=BILL(121).PF7=COS/REF(116).PF9=ORG PMT DUE.PF10=LOAN DIR
```

Amortization

NAME: Jason Watkins

BEG BAL PRIN   $23,770.95
BEG BAL INT    $0.00
INT RATE:      13.250%

loan 2

| EFFECTIVE DATE | # DAYS | INT RATE | DAILY ACCRD INT | ACCRD INT | PAYMENT AMOUNT | PRINCIPAL PAID | INTEREST PAID | UNPAID INTEREST | CAPITALIZED INTEREST | DECLINING PRINCIPAL BALANCE | NOTES |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 7/5/2007 | 27 | 13.250% | 8.623 | $232.83 | - | $0.00 | $0.00 | $0.00 | $0.00 | $23,770.95 | Repayment begin |
| 8/1/2007 | 0 | 13.250% | 8.623 | $232.83 | - | $0.00 | $0.00 | $232.83 | $0.00 | $23,770.95 | |
| 8/1/2007 | 60 | 13.250% | 8.623 | $750.22 | | $0.00 | $0.00 | $232.83 | $0.00 | $23,770.95 | |
| 9/30/2007 | 0 | 13.250% | 8.623 | $750.22 | | $0.00 | $0.00 | $750.22 | $750.22 | $24,521.17 | cap |
| 10/1/2007 | 1 | 13.250% | 8.895 | $8.90 | | $0.00 | $0.00 | $750.22 | $0.00 | $24,521.17 | |
| 10/1/2007 | 0 | 12.750% | 8.560 | $8.90 | | $0.00 | $0.00 | $8.90 | $0.00 | $24,521.17 | |
| 10/1/2007 | 61 | 12.750% | 8.560 | $531.04 | | $0.00 | $0.00 | $8.90 | $0.00 | $24,521.17 | |
| 12/1/2007 | 0 | 12.500% | 8.392 | $531.04 | | $0.00 | $0.00 | $531.04 | $0.00 | $24,521.17 | |
| 12/1/2007 | 61 | 12.500% | 8.392 | $762.80 | | $0.00 | $0.00 | $531.04 | $0.00 | $25,303.97 | cap |
| 12/31/2007 | 30 | 12.500% | 8.690 | $8.66 | | $0.00 | $0.00 | $762.80 | $762.80 | $25,303.97 | |
| 1/1/2008 | 1 | 12.250% | 8.467 | $8.66 | | $0.00 | $0.00 | $8.66 | $0.00 | $25,303.97 | |
| 1/1/2008 | 0 | 12.250% | 8.467 | $271.74 | | $0.00 | $0.00 | $8.66 | $0.00 | $25,303.97 | |
| 2/1/2008 | 31 | 12.250% | 8.467 | $271.74 | | $0.00 | $0.00 | $271.74 | $0.00 | $25,303.97 | |
| 2/1/2008 | 0 | 11.500% | 7.967 | $502.79 | | $0.00 | $0.00 | $271.74 | $0.00 | $25,303.97 | |
| 3/1/2008 | 29 | 11.500% | 7.967 | $502.79 | | $0.00 | $0.00 | $502.79 | $0.00 | $25,303.97 | |
| 3/1/2008 | 0 | 11.000% | 7.621 | $731.41 | | $0.00 | $0.00 | $502.79 | $0.00 | $25,303.97 | |
| 3/31/2008 | 30 | 11.000% | 7.621 | $731.41 | | $0.00 | $0.00 | $731.41 | $731.41 | $26,035.38 | cap |
| 3/12/2008 | 0 | 11.000% | 7.621 | $7.84 | | $0.00 | $0.00 | $7.84 | $0.00 | $26,035.38 | |
| 4/1/2008 | 1 | 11.000% | 7.641 | $7.84 | | $0.00 | $0.00 | $7.84 | $0.00 | $26,035.38 | |
| 4/1/2008 | 0 | 10.250% | 7.306 | $453.53 | | $0.00 | $0.00 | $7.84 | $0.00 | $26,035.38 | |
| 6/1/2008 | 61 | 10.250% | 7.306 | $453.53 | | $0.00 | $0.00 | $453.53 | $0.00 | $26,035.38 | |
| 6/1/2008 | 0 | 10.000% | 7.128 | $660.24 | | $0.00 | $0.00 | $453.53 | $0.00 | $26,695.62 | cap |
| 6/30/2008 | 29 | 10.000% | 7.128 | $672.42 | | $0.00 | $0.00 | $660.24 | $690.24 | $27,368.04 | cap |
| 6/30/2008 | 32 | 10.000% | 7.493 | $239.77 | | $0.00 | $0.00 | $672.42 | $672.42 | $27,368.04 | |
| 11/1/2008 | 3 | 9.500% | 7.118 | $281.13 | | $0.00 | $0.00 | $239.77 | $0.00 | $27,368.04 | |
| 11/1/2008 | 0 | 9.500% | 7.118 | $194.03 | | $0.00 | $0.00 | $281.13 | $261.13 | $27,629.17 | |
| 11/4/2008 | 27 | 9.500% | 7.186 | $194.03 | | $0.00 | $0.00 | $194.03 | $0.00 | $27,629.17 | |
| 12/1/2008 | 0 | 9.000% | 6.806 | $364.23 | | $0.00 | $0.00 | $194.03 | $0.00 | $27,629.17 | |
| 12/1/2008 | 25 | 9.000% | 6.806 | $194.03 | | $0.00 | $0.00 | $364.23 | $364.23 | $27,993.39 | cap |
| 12/26/2008 | 0 | 9.000% | 6.898 | $41.39 | | $0.00 | $0.00 | $41.39 | $0.00 | $27,993.39 | |
| 1/1/2009 | 6 | 9.000% | 6.898 | $41.39 | | $0.00 | $0.00 | $41.39 | $0.00 | $27,993.39 | |
| 1/1/2009 | 242 | 8.250% | 6.323 | $1,571.54 | | $0.00 | $0.00 | $1,571.54 | $0.00 | $27,993.39 | |
| 8/31/2009 | 188 | 8.250% | 6.323 | $2,747.81 | | $0.00 | $0.00 | $2,747.81 | $0.00 | $27,993.39 | |
| 3/5/2010 | | 8.250% | 6.323 | | | $0.00 | $0.00 | | $0.00 | $27,993.39 | charge off |

**EXHIBIT B**

Approved, SCAO

Original - Court
1st copy - Applicant
Copies - All other parties

| STATE OF MICHIGAN | DEFAULT REQUEST, AFFIDAVIT, ENTRY, AND JUDGMENT (SUM CERTAIN) | CASE NO. |
|---|---|---|
| **JUDICIAL DISTRICT**  40th   **JUDICIAL CIRCUIT** | | 10-042802-CK(H) |

Court address
255 CLAY ST LAPEER MI 48446

Court telephone no.
(810) 667-0358

Plaintiff's name, address, and telephone no.
SALLIEMAE

c/o Plaintiff's Attorney:
File # R58957

v

Defendant's name, address, and telephone no.
JASON A. & JOHN F. WATKINS,
jointly & severally
255 N ALMONT AVE
IMLAY CITY MI 48444

Plaintiff's attorney, bar no., address, and telephone no.
Richard A. Muller P58626
33233 Woodward Ave
Birmingham MI 48009
248/645-2440

Defendant's attorney, bar no., address, and telephone no.

FILED
COUNTY CLERK 40th CIRCUIT

JUL 16 2010

LAPEER COUNTY

USE NOTE: Plaintiff must complete the Request and Affidavit and the Default Judgment before filing with the court.

**REQUEST AND AFFIDAVIT**

1. I request a default entry against  JASON A. & JOHN F. WATKINS, jointly & severally  for failure to appear.
2. The claim against the defaulted party is for a sum certain or for a sum, which by computation can be made certain, and the plaintiff requests judgment of the amount of $ 120,494.21  from the defaulted party.
3. The defaulted party is not an infant or incompetent person.
4. ☐ It is unknown whether the defaulted party is in the military service. ☒ The defaulted party is not in the military service.
   ☐ The defaulted party is in the military service but there has been notice of pendency of the action and adequate time and opportunity to appear and defend has been provided. Attached, as appropriate, is a waiver of rights and protections provided under the Servicemembers Civil Relief Act. Facts upon which this conclusion is based are (specify):

Applicant/Attorney signature Richard A. Muller          P58626
                                                         Bar no.

Subscribed and sworn to before me on  July 13, 2010          Oakland County, Michigan.
                                      Date

My commission expires:  11-09-2014          Signature: Kimberly Ann Fisher
                        Date                            Deputy court clerk/Notary public  Kimberly Ann Fisher

Notary public, State of Michigan, County of  Macomb

Notary Public - State of Michigan
County of Macomb
My Commission Expires November 9, 2014
Acting in Oakland County

**DEFAULT ENTRY**   The default of the party named above for failure to appear is entered.

7/15/10                                          A. Painter
Date                                             Court clerk

**DEFAULT JUDGMENT**   IT IS ORDERED this judgment is granted in favor of the plaintiff(s) as follows.
*Attach bill of costs if statutory limit is exceeded.
Damages: $ 120,219.21   Costs: $ 200.00   Attorney fee/Other: $ 75.00  Total judgment: $ 120,494.21
(This judgment will earn interest at statutory rates, computed from the filing date of the complaint.)
Judgment interest accrued thus far is _____ and is based on: (if needed, attach separate sheet)
☐ the statutory rate of _____ % from _____ to _____
☐ the statutory 6-month rate(s) _____ % from _____ to _____

7/16/10
Date                                             Court clerk/Judge

This judgment has been entered and will be final unless, within 21 days of default judgment date, a motion to set aside the default is filed.

**CERTIFICATE OF MAILING**   I certify that on this date I served a copy of this default entry and judgment on the parties or their attorneys by first-class mail addressed to their last-known addresses as defined in MCR 2.107(C)(3).

_____                                  _____
Date                                             Signature

MCL 32.517, MCL 600.2441, MCL 600.5759, MCL 600.6013,
MC 07a (3/09)   DEFAULT REQUEST, AFFIDAVIT, ENTRY, AND JUDGMENT (SUM CERTAIN)          MCR 2.603(B)(2), 50 USC 521

**EXHIBIT C**



**NATIONAL ENTERPRISE SYSTEMS**
2479 Edison Blvd., Unit A ✦ Twinsburg, OH 44087-2340

April 20, 2016

Jason A Watkins
520 Warren Ave
Flushing MI 48433-1462

Current Creditor: NAVIENT SOLUTIONS INC.
NES Account Number: 22336513 SLMA03
Client ID: 01039576323892
Debt Description: SAGINAW VALLEY STATE
UNIVERSITY
Date of Referral:  03/20/2016
Date of Service:  07/05/2007
Please contact:  (855) 569-5600

**Balance: $37,899.95**

We have been authorized to settle your account for something less than the balance in full. Please contact this office if you would like to discuss this offer.

This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

As of the date of this letter you owe $37,899.95. Because of interest, collection costs and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay $37,899.95, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.  For further information, write this office or call the above referenced number.

You can now pay by automated phone system at (800) 238-0868 or on the internet at https://paymynesbill.webview.com. Just enter your account number 22336513. You are not required to use the automated phone system or the internet to make payment on this account. If you make payment on this account by check, the face amount of the check may be presented to your bank by paper draft or electronically as permitted by law.

ONNESI03783SM_110654981

*NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION*

***PLEASE COMPLETE AND RETURN THE FORM BELOW WITH YOUR PAYMENT.***

ONNESI02
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED

| PAYMENT BY: (___) CHECK | ☐ VISA ☐ | EXP. DATE / |
| CARD NUMBER  PLUS 3 DIGIT SECURITY CODE (on back of card) | | AMOUNT |
| CARDHOLDER SIGNATURE | DATE | $ |

200

Please forward all payments and correspondence to:
NATIONAL ENTERPRISE SYSTEMS
2479 Edison Blvd., Unit A
Twinsburg  OH  44087-2340

Jason A Watkins
520 Warren Ave
Flushing MI 48433-1462

April 20, 2016                    22336513              NOOS

Client ID:        01039576323892
Balance:          $37,899.95



**NATIONAL ENTERPRISE SYSTEMS**

2479 Edison Blvd., Unit A • Twinsburg, OH 44087-2340

April 20, 2016

Jason A Watkins
520 Warren Ave
Flushing MI 48433-1462

Current Creditor: NAVIENT SOLUTIONS INC.
NES Account Number: 22336514 SLMA03
Client ID: 0221957 6323892
Debt Description: SAGINAW VALLEY STATE
UNIVERSITY
Date of Referral:  03/20/2016
Date of Service:  07/25/2005
Please contact:  (855) 569-5600

**Balance: $65,946.23**

We have been authorized to settle your account for something less than the balance in full. Please contact this office if you would like to discuss this offer.

This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

As of the date of this letter you owe $65,946.23. Because of interest, collection costs and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay $65,946.23, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.  For further information, write this office or call the above referenced number.

You can now pay by automated phone system at (800) 238-0868 or on the internet at https://paymynesbill.webview.com. Just enter your account number 22336514. You are not required to use the automated phone system or the internet to make payment on this account. If you make payment on this account by check, the face amount of the check may be presented to your bank by paper draft or electronically as permitted by law.

IONNES102763SM_110654982

*NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION*

···PLEASE COMPLETE AND RETURN THE FORM BELOW WITH YOUR PAYMENT.···

| PAYMENT BY: (____) CHECK | | | EXP. DATE |
| --- | --- | --- | --- |
| CARD NUMBER  PLUS 3 DIGIT SECURITY  CODE (on back of card) | | | / |
| | | | AMOUNT |
| CARDHOLDER SIGNATURE | | DATE | $ |

ONNESI02
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED

200

Please forward all payments and correspondence to:
NATIONAL ENTERPRISE SYSTEMS
2479 Edison Blvd., Unit A
Twinsburg  OH  44087-2340

Jason A Watkins
520 Warren Ave
Flushing MI 48433-1462

April 20, 2016          22336514          NOOS

Client ID:      0221957632389 2
Balance:        $65,946.23
Daytime Phone:  (____) ____-____



NATIONAL ENTERPRISE SYSTEMS

2479 Edison Blvd., Unit A ◆ Twinsburg, OH 44087-2340

April 20, 2016

Jason A Watkins
520 Warren Ave
Flushing MI 48433-1462

Current Creditor: NAVIENT SOLUTIONS INC.
NES Account Number: 22336515 SLMA03
Client ID: 02229576323892
Debt Description: SAGINAW VALLEY STATE
UNIVERSITY
Date of Referral:  03/20/2016
Date of Service:  07/19/2006
Please contact: (855) 569-5600

**Balance: $58,291.29**

We have been authorized to settle your account for something less than the balance in full. Please contact this office if you would like to discuss this offer.

This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

As of the date of this letter you owe $58,291.29. Because of interest, collection costs and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay $58,291.29, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.  For further information, write this office or call the above referenced number.

You can now pay by automated phone system at (800) 238-0868 or on the internet at https://paymynesbill.webview.com. Just enter your account number 22336515. You are not required to use the automated phone system or the internet to make payment on this account. If you make payment on this account by check, the face amount of the check may be presented to your bank by paper draft or electronically as permitted by law.

iONNESI02783SM_110654983

*NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION*

***PLEASE COMPLETE AND RETURN THE FORM BELOW WITH YOUR PAYMENT.***

| PAYMENT BY: (____) CHECK | | EXP. DATE |
| --- | --- | --- |
| CARD NUMBER  PLUS 3 DIGIT  SECURITY  CODE (on back of card) | | / |
| | | AMOUNT |
| CARDHOLDER SIGNATURE | DATE | $ |

ONNESI02
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED

200

Please forward all payments and correspondence to:
NATIONAL ENTERPRISE SYSTEMS
2479 Edison Blvd., Unit A
Twinsburg  OH 44087-2340

Jason A Watkins
520 Warren Ave
Flushing MI 48433-1462

April 20, 2016              22336515              NOOS

Client ID:     02229576323892
Balance:      $58,291.29
Daytime Phone:  (____) ____

**EXHIBIT D**



# THE LAW OFFICE OF BEVERLY G. WHEELIHAN, PLLC

May 2, 2016

**VIA FACSIMILE AND FIRST CLASS MAIL**
**330-963-0210**

National Enterprise Systems
2479 Edison Blvd., Unit A
Twinsburg, OH  44087-2340

Re:    Jason A. Watkins
         NES Account Numbers #22336513 SLMA03; #22336512 SLMA03; and
         #22336515 SLMA03

To Whom It May Concern:

        I have been retained by Jason A. Watkins regarding the above-referenced matter.  In response to your letters all dated April 20, 2016, please be advised that the validity of this debt is disputed in its entirety.  During this period of dispute, consistent with the requirements of the Fair Debt collection Practices Act (FDCPA), 15 USC 1692 et seq., you are required to stop all efforts to collection this alleged debt and remove any negative reporting to any credit reporting agencies or be held accountable for the ensuing liability and penalties arising under the FDCPA.  Further consistent with the requirements of the FDCPA, 15 USC 1692g, please verify the debt you are seeking to collect, in writing, in the following particulars:

- The name and address of the original creditor;
- The date National Enterprise Systems was allegedly assigned, transferred, or otherwise conveyed any rights or interest to pursue this debt;
- A copy of the fully executed, endorsed editions of the promissory note evidencing its conveyance from the originator to subsequent holders, including but not limited to a copy of the executed, endorsed note evidencing its purported conveyance to National Enterprise Systems; and
- A full and detailed accounting of the payment history of this loan, including but not limited to the following:
  1. Dates and amounts of all payments made on the loan to date;
  2. A breakdown of the amount of claimed arrearages or delinquencies, including an itemization of all fees charged to the account; and
  3. An accounting of any and all court fees and costs that have been charged to the account.

P.O. Box 5
Capac, MI 48014
586-216-4733 Phone

beverly@bwheelihanlaw.com
www.bwheelihanlaw.com

National Enterprise Systems
Page 2
May 2, 2016


     Consistent with the requirements of the FDCPA, please cease all collection efforts and reporting relative to this debt until you provide the requested verification.  Please direct all further communication to my office and not to my client as he is now represented by counsel.  If you have any questions, please do not hesitate to contact me.

Very truly yours,
**THE LAW OFFICE OF BEVERLY G. WHEELIHAN, PLLC**

Beverly G. Wheelihan


cc:    Jason A. Watkins (via email)

**EXHIBIT E**



**Beverly Wheelihan <beverly@bwheelihanlaw.com>**

## NES - REQUESTED INFORMATION
1 message

**Catrina Finley** <cfinley@nes1.com>                                    Mon, Jun 13, 2016 at 1:06 PM
To: "beverly@bwheelihanlaw.com" <beverly@bwheelihanlaw.com>
Cc: Letter Requests <Letter_Requests@nes1.com>


Thank you


Catrina Finley

National Enterprise Systems

Compliance Department

877-603-7165


CONFIDENTIALITY NOTICE: Because e-mail can be altered electronically, the integrity of this communication cannot be guaranteed. The information contained in this e-mail message and its attachments may be confidential and/or privileged and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately and destroy this email.

 **J A WATKINS.pdf**
1118K

**NES**

NATIONAL ENTERPRISE SYSTEMS
2479 Edison Blvd., Unit A ◆ Twinsburg, OH 44087-2340
Ph. (800) 973-0600

June 10, 2016

JASON A WATKINS
PO BOX 5
C/O BEVERLY G WHEELIHAN ESQ
CAPAC, MI 48014

Current Creditor: NAVIENT SOLUTIONS, INC.
NES Account #: 22336513; 22336514; 22336515
FDR Account #: 5029350701762655;
5029350701762663; 5029350701762671
Client ID: 01039576323892; 02219576323892;
02229576323892
Debt Description: SAGINAW VALLEY STATE
UNIVERSITY
Date of Referral: 03/20/2016

Please contact: (800) 973-0600

**Balance: $163,394.30**

Enclosed is the information you requested on your account(s).

If you have any further questions, do not hesitate to call us at (800) 973-0600.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

As of the date of this letter, you owe $163,394.30. Because of interest, collection costs and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay $163,394.30, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write this office or call the above referenced number.

You can now pay by automated phone system at (800) 238-0868 or on the internet at https://paymynesbill.webview.com. Just enter your account number 22336515. You are not required to use the automated phone system or the internet to make payment on this account. If you make payment on this account by check, the face amount of the check may be presented to your bank by paper draft or electronically as permitted by law.

IONNESI027181SM

*NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION*

**Colorado Residents:**
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR.

The National Enterprise Systems, Inc.  Resident Manager for the State of Colorado is:

Virtuoso Sourcing Group, LLC
4500 Cherry Creek Drive South, Suite 300
Glendale, Colorado 80246
720-508-8689

**Maine Residents:**
Office Hours: M-Th 8:00 AM – 7:00 PM EST, Fri 8:00 AM – 4:30 PM EST.
Phone number: 877-603-7165

**Massachusetts Residents:**
Office Hours: M-Th 8:00 AM – 7:00 PM EST, Fri 8:00 AM – 4:30 PM EST.

NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

Phone Number: 877-603-7165

**Minnesota Residents:**
This collection agency is licensed by the Minnesota Department of Commerce.

**New York State Residents:**
If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: Supplemental security income, (SSI); Social Security; Public assistance (welfare); Spousal support, maintenance (alimony) or child support; Unemployment benefits; Disability benefits; Workers' compensation benefits; Public or private pensions; Veterans' benefits; Federal student loans, federal student grants, and federal work study funds; and ninety percent of your wages or salary earned in the last sixty days.

**New York City Residents:**
New York City Department of Consumer Affairs License Number: 1129025

Phone number: 877-603-7165
Compliance Department Manager: Eric Thut

**North Carolina Residents:**
North Carolina Permit Number:  101691

**Tennessee Residents:**
This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

**Wisconsin Residents:**
This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org.

# Transaction Audit Report

**ccount Number: 22336513**

**lient Reference: 01039576323892**

| Cash Mode | Entry Cashier | Batch ID | Entry Date | Effective Date | Transaction Type | Category | Generated? | Transaction Amount |
|---|---|---|---|---|---|---|---|---|
| DCASH | KPR2 | 0 | 3/20/2016 | 3/20/2016 | NBDJ | A | Y | $37,692.51 |
| DCASH | sys | 0 | 4/17/2016 | 4/16/2016 | INT | A | Y | $188.41 |
| DCASH | sys | 0 | 4/17/2016 | 4/17/2016 | INT | A | Y | $6.71 |
| DCASH | sys | 7375779 | 4/17/2016 | 4/17/2016 | CRJ | A | N | -$8,888.20 |
| DCASH | sys | 7375779 | 4/17/2016 | 4/17/2016 | DBJ | A | N | $8,887.10 |

# Transaction Audit Report

**Account Number: 22336514**

**Client Reference: 02219576323892**

| Cash Mode | Entry Cashier | Batch ID | Entry Date | Effective Date | Transaction Type | Category | Generated? | Transaction Amount |
|-----------|---------------|----------|------------|----------------|------------------|----------|------------|--------------------|
| DCASH | KPR2 | 0 | 3/20/2016 | 3/20/2016 | NBDJ | A | Y | $65,689.25 |
| DCASH | sys | 0 | 4/17/2016 | 4/16/2016 | INT | A | Y | $233.20 |
| DCASH | sys | 0 | 4/17/2016 | 4/17/2016 | INT | A | Y | $8.31 |
| DCASH | sys | 7375779 | 4/17/2016 | 4/17/2016 | CRJ | A | N | -$15,135.92 |
| DCASH | sys | 7375779 | 4/17/2016 | 4/17/2016 | DBJ | A | N | $15,134.77 |

# Transaction Audit Report

**Account Number: 22336515**

**Client Reference: 02229576323892**

| Cash Mode | Entry Cashier | Batch ID | Entry Date | Effective Date | Transaction Type | Category | Generated? | Transaction Amount |
|---|---|---|---|---|---|---|---|---|
| DCASH | KPR2 | 0 | 3/20/2016 | 3/20/2016 | NBDJ | A | Y | $58,012.47 |
| DCASH | sys | 0 | 4/17/2016 | 4/16/2016 | INT | A | Y | $253.20 |
| DCASH | sys | 0 | 4/17/2016 | 4/17/2016 | INT | A | Y | $9.02 |
| DCASH | sys | 7375779 | 4/17/2016 | 4/17/2016 | CRJ | A | N | -$16,875.90 |
| DCASH | sys | 7375779 | 4/17/2016 | 4/17/2016 | DBJ | A | N | $16,874.47 |